# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KTRV LLC, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-10601 (MFW)<br>(Jointly Administered)<br><br>**Related Docket Nos.: 26 & 27** |

### OBJECTION AND RESERVATION OF RIGHTS OF ROBINDALE COAL SALES, LLC AND ROBINDALE EXPORT, LLC TO DEBTORS' MOTION FOR (I) ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AND FED. R. BANKR. P. 9019(B) AUTHORIZING AND APPROVING A GLOBAL SETTLEMENT WITH BEDROCK INDUSTRIES INVESTCO 1 LLC WITH RESPECT TO THE STRICT FORECLOSURE AND FORECLOSED EQUIPMENT; AND (II) SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE MOTION

Comes now, Robindale Coal Sales, LLC, and Robindale Export, LLC ("Robindale"), by and through their undersigned counsel, files this objection and reservation of rights ("Objection") to Debtors' *Motion for (I) Order Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 9019(B) Authorizing and Approving a Global Settlement with Bedrock Industries Investco 1 LLC with Respect to the Strict Foreclosure and Foreclosed Equipment; and (II) Shortening the Notice Period with Respect to the Motion* [Dkt. Nos. 26 and 27] (the "9019 Motion"). In support of this Objection, Robindale states as follows:

### JURISDICTION

1. This Court has jurisdiction of these cases pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

{C1355632.1}                                    1

**PRELIMINARY STATEMENT**

3. Robindale is concerned that Bedrock Industries Investco 1 LLC ("Bedrock"), a related party of the Debtors, coupled with the apparent support of the Debtors and Debtors-in-Possession, seeks to shore up and protect certain questionable claims and liens ("Bedrock Liens"), on a truncated timeline, and render any potential challenge of Bedrock's Liens as futile.

4. Simply put, this action is a naked attempt to circumvent the appropriate process for verifying and/or challenging the validity, priority, or enforceability and avoidability, reclassification or subordination of the Bedrock Liens.

5. The Court should simply deny the 9019 Motion and allow the Bedrock Liens to be investigated and/or challenging in the normal course of these cases.

**BACKGROUND**

6. On March 30, 2025, (the "Petition Date") the Debtors filed the above-captioned bankruptcy cases.

7. The Debtors are authorized to continue to operate their businesses and manage their property as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

8. On April 2, 2025, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases pursuant to section 105(a) of the Bankruptcy Code [Dkt. No. 31].

9. No trustee or examiner has been appointed in the chapter 11 cases.

10. On April 1, 2025, the Debtors filed the 9019 Motion to resolve "the complexity, inherent delay and substantial exposure of litigation, the issues and disputes with Bedrock (including any potential estate claims avoiding the strict foreclosure as a fraudulent conveyance), the length of time necessary to resolve each issue and dispute and the continuous disruption of the Debtors' ability to maximize value."

11. The 9019 Motion and the proposed order attached provide for, among other things, the determination that the Bedrock Liens are "permanently allowed and enforceable."

12. Moreover, the 9019 Motion provides that

> Except with respect to a breach of the Settlement Agreement, the Debtors and their bankruptcy estates (and any party acting directly or derivatively through the Debtors) shall be deemed to have released and discharged Bedrock, together with its officers, directors, members, employees, agents, attorneys, professionals, affiliates, subsidiaries, assigns and/or successors, from any and all claims and causes of action, demands, rights, or liabilities of every kind, character or nature whatsoever, in law or in equity or under the Bankruptcy Code, known or unknown, whether asserted or unasserted, arising out of, based upon or related to, in whole or in part, the Strict Foreclosure (or the process thereof), Forbearance Agreement, Prepetition Loan Documents, the
> Settlement Agreement, or any of Bedrock's prepetition relationships and dealings with the Debtors or any affiliate of the Debtors as it relates to, concerns, or arises out of the Foreclosed Equipment and Strict Foreclosure, including, without limitation, any claims or defenses as to the claims of Bedrock and the validity, priority, or enforceability and avoidability, reclassification or subordination of Bedrock's prepetition security interests, the obligations owed to Bedrock, or any claims or defenses under Chapter 5 of the Bankruptcy Code or any other causes of action.
>
> All of the Debtors' and their bankruptcy estates' claims and causes of action, whether direct or derivative, whether for fraudulent conveyance or for similar claims, whether arising under the Bankruptcy Code or state law, or arising under the applicable provisions of the Uniform Commercial Code, that is or could be asserted with respect to the Equipment and Strict Foreclosure or the process related thereto is settled, compromised, and resolved.
>
> Without limiting any other order or agreement, and without the need for the execution and delivery of addition documentation, the Debtors and their bankruptcy estates (and any predecessor, successor or assign), shall be deemed to have waived, released and discharged any and all claims, whether directly or derivatively, known or unknown, or at law, equity or under the Bankruptcy Code (including, but not limited to, provisions of the applicable Uniform Commercial Code) against Bedrock and its affiliates, successors, assigns, members, employees, officers, agents and advisors with respect to or relating to the Equipment, Forbearance Agreement or the Strict Foreclosure.
>
> . . .
>
> Bedrock's security interests in the Foreclosed Equipment are valid, perfected, enforceable, and non-avoidable, and not subject to vacatur, defenses, reclassification, subordination, reconsideration, or other objection or challenge, and

{C1355632.1}                                          3

only subject to the ownership or senior security interests of the allowed claims, if any, of Cleveland Bros., Caterpillar, Wells Fargo Bank, N.A., and GM Finance. To the extent Heritage Holding or its principals, Angela Svonavec and Jason Svonavec, have an allowed claim against HCNR, and if it is determined that Heritage Holding or the Svonavecs have valid, perfected and enforceable security interests in the Foreclosed Equipment securing such allowed claim that is not avoided, subordinated, disallowed, or reclassified, (i) such security interests are junior in priority to the ownership or senior security interests of Cleveland Bros., Caterpillar, Wells Fargo Bank, N.A., and GM Finance in the Foreclosed Equipment, (ii) such security interests are junior in priority to Bedrock's security interests in certain of the Foreclosed Equipment, and (iii) such security interests shall attach to the proceeds of the Foreclosed Equipment; provided however, that nothing in this settlement shall alter or affect the relief granted in the Cash Collateral Order and rights and claims of Debtors and their bankruptcy estates and Bedrock against Heritage Holding and the Svonavecs are reserved.

Entry of an order approving the Settlement Agreement shall be sufficient and conclusive evidence of security interests of Bedrock and the priorities set forth under this agreement without the necessity of creating, filing, recording or serving any financing statements or other documents or instruments that might otherwise be required under federal or state law.

The Debtors and any person or entity that might claim through on behalf of the Debtors whether directly or derivatively, shall have been deemed to have waived and released any claims, causes of action, demands, rights, or liabilities of every kind, character or nature whatsoever, in law or in equity, know or unknown, whether asserted or unasserted, against Bedrock with respect to or concerning or arising out of the Strict Foreclosure and matters related thereto.

## **OBJECTION**

13.     Robindale has standing to bring this Objection.

14.     Congress has recognized the necessity for creditor participation in chapter 11 cases, and Section 1109(b) of the Bankruptcy Code provides "in unqualified terms, that any creditor . . . shall have the right to be heard as a party in interest" in a chapter 11 case.  S. Rep. 95-989, 95th Cong., 2d Sess. 116 (1978); see also Fuel Oil Supply & Terminaling v. Gulf Oil Corp., 762 F.2d 1283, 1286 (5th Cir. 1985) ("Congress intended § 1109(b) to carry forward to the current Bankruptcy Code the broad rights to appear and be heard granted to interested parties under the former bankruptcy code." (citation omitted)); In re Bumper Sales, Inc., 907 F.2d 1430, 1433 (4th Cir. 1990) (Section 1109(b) is to be read broadly in favor of giving parties in interest an opportunity

{C1355632.1 }                                                                 4

to be appear in proceedings affecting their interests); In re Amatex, 755 F.2d 1034, 1042 (3d Cir. 1985) (same).

15. Robindale is a party in litigation against debtor Heritage Coal & Natural Resources, LLC. See Case No. 2021-4158; CCP Westmoreland County, PA.

16. Robindale notes that no creditors committee has been appointed by the Office of the United States Trustee.

17. There are very real questions to be investigated and analyzed regarding the relationship between Bedrock and the Debtors and whether or not Bedrock's claims and liens were actually equity infusions and/or properly perfected.

18. Accordingly, it is simply premature, and inappropriate on an expedited basis, to provide Bedrock with certain legal findings that preclude challenging the Bedrock Liens.

**RESERVATION OF RIGHTS**

19. Robindale expressly reserves the right to: (i) supplement this Objection at any time prior to or at the hearing; and (ii) raise additional or further objections to the 9019 Motion.

WHEREFORE, Robindale respectfully requests that the Court deny the 9019 Motion and grant to Robindale such other and further relief as is just and appropriate.

Dated: April 4, 2025                           Respectfully Submitted,
                                               CAMPBELL & LEVINE, LLC

                                               */s/ Katherine L. Hemming*
                                               Katherine L. Hemming (No. 5496)
                                               222 Delaware Avenue, Suite 1620
                                               Wilmington, DE 19801
                                               (302) 426-1900
                                               khemming@camlev.com

                                               -and-

{C1355632.1}                              5

Kirk B. Burkley, Esq., PA ID 89511
*(Admitted Pro Hac Vice)*
BERNSTEIN-BURKLEY, P.C
601 Grant St., 9th Floor
Pittsburgh, PA 15219
Phone: (412) 456-8121
kburkley@bernsteinlaw.com

*Counsel for Robindale Coal Sales, LLC, and Robindale Export, LLC*