# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| KTRV, LLC, *et al.*,[1] ) | Case No.: 25-10601 (MFW) |
| ) | |
| Debtors. ) | *Jointly Administered* |
| ) | |
| ) | Related to Document No. 156 |
| ) | |
| ) | Hearing Date:  May 5, 2025 |
| ) | |
| ) | Hearing Time:  11:30 a.m. |
| ) | |
| ) | Response Deadline:  April 29, 2025 |

## COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION'S RESPONSE AND RESERVATION OF RIGHTS TO DEBTORS' BIDDING PROCEDURES MOTION

Commonwealth of Pennsylvania, Department of Environmental Protection ("PA DEP" or "the Department"), through the undersigned counsel, hereby files this response and reservation of rights to *Debtors' Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Authorizing the Debtors to Enter into One or More Stalking Horse Agreements and Provide Bid Protections, (III) Approving the Form and Manner of Sale Notice, (IV) Scheduling an Auction and Sale Hearing, (V) Approving the procedures for the Assumption and Assignment of Contracts, (VI) Approving the Sale of the Debtors' Assets Free and Clear, and (VII) Granting Related Relief* (ECF No. 156) ("Motion").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  KTRV LLC (9993) and Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

**PRELIMINARY STATEMENT**

PA DEP, subject to the responses and reservations of rights below, does not generally object to final approval of Debtors' Motion. However, PA DEP files this Response and Reservation of Rights to Debtors' Motion[2] to clarify the requirements that apply to the transfer of mining operations in Pennsylvania and the scope of environmental compliance obligations that must be assumed upon transfer under applicable nonbankruptcy law.

**BACKGROUND AND RELEVANT LAW**

1. PA DEP is an executive agency with the duty to enforce the environmental and public health and safety statutes and regulations of the Commonwealth of Pennsylvania, including but not limited to The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§ 691.1-691.1001; the Surface Mining Conservation and Reclamation Act, Act of Dec. 18, 1992, P.L. 1384, *as amended*, 52 P.S. §§ 1396.1-1396.31 ("Surface Mining Act"); The Bituminous Mine Subsidence and Land Conservation Act, Act of Apr. 27, 1966, P.L. 31, *as amended,* 52 P.S. §§ 1406.1-1406.21; the Coal Refuse Disposal Control Act, Act of Feb. 1, 2010, P.L. 126, *as amended*, 52 P.S. §§ 30.51-30.66 (collectively, "Pennsylvania Mining Laws"); and the regulations promulgated under those statutes ("Regulations").

**Permitting and Bonding Requirements**

2. PA DEP has issued several coal mining permits and associated authorizations under various federal and state statutes to Debtor Heritage Coal & Natural Resources LLC ("Heritage"). Heritage's permits issued by PA DEP include the following:

| Permit Name | Permit No. | Permit Type |
|---|---|---|
| Ponderosa No. 2 | 56100105 | Surface Mining Permit |
| Craighead | 56180102 | Surface Mining Permit |
| Saylor Mine | 56190101 | Surface Mining Permit |

---

[2] Unless otherwise indicated, capitalized terms shall have the meaning attributed to them in the Motion.

| Permit Name | Permit No. | Permit Type |
|---|---|---|
| Romesburg Strip Mine | 5679123 | Surface Mining Permit |
| Wilson Creek Prep Plant | 56841612 | Coal Preparation Plant |
| Schrock Strip | 56860104 | Surface Mining Permit |
| Poorbaugh Strip | 56950101 | Surface Mining Permit |
| Mast Mine | 56090101 | Surface Mining Permit |
| Fisher Mine | 56120114 | Surface Mining Permit |
| Summit No.2 | 56663069 | Surface Mining Permit |
| Saylor Hill No. 2 Mine | 56210101 | Surface Mining Permit |
| Shaw Mines Refuse Site | 56180701 | Coal Refuse Disposal Area |
| Milford #3 | 56100701 | Coal Refuse Disposal Area |

3.      Under the Pennsylvania Mining Laws, no person may operate a mine or allow a discharge from a mine into the waters of the Commonwealth unless the person has obtained a permit from PA DEP. 52 P.S. § 1396.4(a) (surface mining); 52 P.S. § 30.54(a) (coal refuse disposal); 25 Pa. Code § 86.11(a). Persons may not conduct coal mining activities except in compliance with permits issued by PA DEP.  25 Pa. Code § 86.13.

4.      The conditions of the permits authorizing Heritage's coal mining activities require, among other things, the restoration and reclamation of land affected by the operations and the protection and restoration of water supplies and water resources.

5.      Further, before commencing coal mining activities in Pennsylvania, operators must provide a bond payable to the Commonwealth and securing obligations associated with permitted activities, including reclamation, water treatment, and the replacement of water supplies affected by mining. 35 P.S. § 691.315(b); 52 P.S. §§ 30.56, 1396.4(d), 1406.5(b), 1406.6(b). As an alternative to bonds, operators may secure their water treatment obligations through site-specific water treatment trusts. 52 P.S. § 1396.4(d.2). Heritage has posted reclamation surety bonds and established a site-specific water treatment trust to secure its police and regulatory obligations under the Pennsylvania Mining Laws and its permits.

6. Federal law also governs Heritage's mining operations. For example, the bond requirements are part of Pennsylvania's primacy regulatory program, which is overseen by the federal Office of Surface Mining ("OSM"). The federal Surface Mining Control and Reclamation Act ("SMCRA") allows a state to assume jurisdiction over the regulation of surface coal mining if the state can administer that program according to federal standards. *See* 30 U.S.C. § 1253. When a state program is approved by OSM, the state achieves "primacy" over its surface coal mining regulatory program. The Commonwealth achieved primacy in 1982. *See* 47 FR 33050, 33076 (July 30, 1982). To keep its jurisdiction over the regulation of coal mining activities, the Commonwealth must maintain its regulatory program in accordance with the requirements of SMCRA and regulations issued by OSM, including bonding requirements. *See* 30 U.S.C. §§ 1253(a)(1) and (7) and 1255(a); *Pennsylvania Fedn. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 319 (3d Cir. 2002).

7. Under SMCRA, "bonds collected by states from mining operators must be 'sufficient to assure the completion of the reclamation plan if the work had to be performed by the regulatory authority,' *i.e.*, the state." *Hess*, 297 F.3d at 319 (citing 30 U.S.C. § 1259(a)).

8. In Pennsylvania, the amount of bond required for a permit is based on the total estimated cost to the Commonwealth of completing the approved reclamation plan. 52 P.S. § 1396.4(d). Bond amounts are adjusted by the PA DEP from time to time to account for changes in future reclamation cost. 25 Pa. Code § 86.152(a).

**Permit Transfer Requirements**

9. Under PA DEP's Regulations, the rights granted under a permit may not be transferred, assigned, or sold to another unless the successor operator "[a]ssumes the liability for reclamation, water pollution, planting and other responsibilities under the law, regulations, and the

4

terms and conditions of the permits from the date of original issuance of the permits." 25 Pa. Code § 86.56(c).

10. Furthermore, before a coal mining permit can be transferred, the successor operator must post a new bond in an appropriate amount determined by the Department. 25 Pa. Code §§ 86.56(c)(3)(iv) and 86.167.

**Debtors' Bidding Procedures**

11. According to the Debtors' Proposed Bidding Procedures Order, each "Bid must set forth each government, licensing, regulatory, and other third-party approval or filing required to be obtained or made by the Bidder or its Bidder Support, and each waiting period required to have expired or terminated, for the Bidder to consummate the Sale Transaction, and the time period within which the Bidder expects to receive such approvals, to make such filings or such waiting periods to expire or terminate ...." Doc. 156-1, Exhibit 1 at 4.

12. The Proposed Bidding Procedures Order, however, does not expressly address whether a bidder must (a) take transfer or obtain permits for the mining operations to be acquired, (b) assume all associated reclamation, water treatment, water supply replacement, and other obligations associated with the mining operations subject to a bid, or (c) obtain assignment of or replace the reclamation surety bonds and other financial assurance associated with the mining operations subject to the bid, including any modifications to the amount of bonds or other financial assurance required under applicable Pennsylvania law.

**RESPONSE AND RESERVATION OF RIGHTS**

13. Although PA DEP does not object to the entry of the Bidding Procedures Order, PA DEP files this Response to clarify a purchaser's environmental compliance obligations with respect to purchased mining operations under the Pennsylvania Mining Laws.

14. Section 363(f) of the Bankruptcy Code, 11 U.S.C. § 363(f), does not allow purchasers to acquire debtor property free and clear of the obligation to comply with environmental law. Property of the estate may be sold free and clear of interests in the property only if "applicable nonbankruptcy law permits sale of such property free and clear of such interest." *Id.* Federal and state environmental laws, including SMCRA and the Pennsylvania Mining Laws, are "applicable nonbankruptcy law," which do not permit debtors to transfer their property free and clear of environmental liability.

15. Also, bankruptcy law does not authorize the release of any entity from any police and regulatory liability to a governmental entity as the owner or operator of property that that entity owns or operates after the date of entry of any court orders approving sales. *In re General Motors Corp.*, 407 B.R. 463, 508 (Bankr. S.D.N.Y. 2009) (owner of contaminated property acquired in bankruptcy is responsible for environmental issues "existing even at the outset of the acquirer's ownership"); *see also In re TorwicoElectronics, Inc.*, 8 F. 3d 146, 150 (3d Cir. 1993) (environmental cleanup obligations not a "claim"); *In re CMC Heartland Partners*, 966 F. 2d 1143, 1146 (7th Cir. 1992) (environmental liability runs with the land).

16. Here, federal SMCRA and the Pennsylvania Mining Laws apply to the transfer of Heritage's mining operations. First, Heritage's mining permits may be transferred to a purchaser only if the purchaser, as part of PA DEP's approval of that permit transfer, assumes all environmental obligations in connection with the permits. 25 Pa. Code § 86.56(c).

17. In addition to land reclamation obligations, Heritage has ongoing liability for treatment of pollutional water discharges from some of its mining operations that must be assumed in a transfer of the applicable permits. *See supra*, ¶ 5.

18. Second, Heritage's mining permits may be transferred to an operator only upon the successor operator's posting of a new bond or other financial assurance in an appropriate amount determined by the Department. *See* 25 Pa. Code §§ 86.56(c)(3)(iv) and 86.167.

19. Debtors' Proposed Bidding Procedures Order does not reference the regulatory requirements that apply to the transfer of mining operations in Pennsylvania. In particular, the Proposed Bidding Procedures Order does not expressly provide that a bidder must (a) take transfer or obtain permits for the mining operations to be acquired, (b) assume all associated reclamation, water treatment, water supply replacement, and other obligations associated with the purchased mining operations, or (c) post reclamation surety bonds and other financial assurance associated with the purchased mining operations, including any modification to the amount of bonds or other financial assurance required under applicable Pennsylvania law.

20. PA DEP files this Response to clarify the scope of environmental obligations that a successor operator must assume as a result of the purchase of Heritage's Pennsylvania permits.

**RESERVATION OF RIGHTS**

21. PA DEP expressly reserves all rights in connection with the Debtors' proposed Bidding Procedures and Sale Transactions, including but not limited to all rights, claims, arguments, defenses, and remedies. PA DEP also reserves its rights to supplement or amend this Response at or prior to the hearing(s) on the Motion.

        Respectfully submitted,

        */s/ Brian L. Greenert*
        Brian L. Greenert
        Assistant Counsel
        PA ID No. 321210
        Southwest Office of Chief Counsel
        400 Waterfront Drive
        Pittsburgh, PA 15222-4745
        412-442-4262
        bgreenert@pa.gov

        David N. Smith
        Assistant Counsel
        PA ID No. 314504
        Southcentral Office of Chief Counsel
        909 Elmerton Ave.
        Harrisburg, PA 17110
        717-787-8792
        dnsmith@pa.gov

        Robert W. McAteer
        Assistant Counsel
        PA ID No. 83029
        Office of Chief Counsel
        400 Market Street, 9th Floor
        Harrisburg, PA 17101
        717-772-3958
        717-787-9369
        rmcateer@pa.gov

        **FOR THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION**

Dated: April 29, 2025

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| KTRV, LLC, *et al.*,[3] ) | Case No.: 25-10601 (MFW) |
| ) | |
| Debtors. ) | *Jointly Administered* |
| ) | |
| ) | Related to Document No. 156 |
| ) | |
| ) | Hearing Date:  May 5, 2025 |
| ) | |
| ) | Hearing Time:  11:30 a.m. |
| ) | |
| ) | Response Deadline:  April 29, 2025 |

## CERTIFICATE OF SERVICE

I, Brian L. Greenert, hereby certify that on April 29, 2025, I served a true and correct copy of the foregoing Response and Reservation of Rights on persons registered to receive electronic case filing notifications via CM/ECF.

    Respectfully submitted,

    */s/  Brian L. Greenert*
    Brian L. Greenert
    Assistant Counsel
    PA ID No. 321210
    Southwest Office of Chief Counsel
    Commonwealth of Pennsylvania,
    Department of Environmental Protection
    400 Waterfront Drive
    Pittsburgh, PA  15222-4745
    412-442-4262
    bgreenert@pa.gov

Dated: April 29, 2025

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  KTRV LLC (9993) and Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

9