**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KTRV LLC, *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 25-10601 (MFW)<br>(Jointly Administered)<br><br>**Related Docket Nos.: 156** |

**OBJECTION AND RESERVATION OF RIGHTS OF ROBINDALE COAL SALES, LLC AND ROBINDALE EXPORT, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE BIDDING PROCEDURES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE STALKING HORSE AGREEMENTS AND PROVIDE BID PROTECTIONS, (III) APPROVING THE FORM AND MANNER OF SALE NOTICE, (IV) SCHEDULING AN AUCTION AND SALE HEARING, (V) APPROVING THE PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS, (VI) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR, AND (VII) GRANTING RELATED RELIEF**

Robindale Coal Sales, LLC, and Robindale Export, LLC ("Robindale"), by and through their undersigned counsel, files this limited objection and reservation of rights ("Objection") to the Debtors' Motion for Entry of an Order Shortening the Notice Period with Respect to the Debtors' Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Authorizing the Debtors to Enter Into One or More Stalking Horse Agreements and Provide Bid Protections, (III) Approving the Form and Manner of Sale Notice, (IV) Scheduling an Auction and Sale Hearing, (V) Approving the Procedures for the Assumption and Assignment of Contracts, (VI) Approving the Sale of the Debtors' Assets Free and Clear, and (VII) Granting Related Relief (the "Motion"). In support of this Objection, Robindale states as follows:

---

[1] The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

{C1359458.1}                          1

## JURISDICTION

1. This Court has jurisdiction of these cases pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

3. Robindale is not, at least at this particular juncture, opposed to the sale of the Debtors' business and operating assets through a fair and robust process that maximizes value and ensures that the successful bidder(s) are good faith purchasers. In fact, Robindale may be a bidder. The sale process, however, as proposed in these cases, is not designed for the purpose of maximizing value for these bankruptcy estates.

## BACKGROUND

4. On March 30, 2025, (the "Petition Date") the Debtors filed the above-captioned bankruptcy cases (the "Chapter 11 Cases").

5. The Debtors are authorized to continue to operate their businesses and manage their property as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 2, 2025, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases pursuant to section 105(a) of the Bankruptcy Code [D.I. No. 31].

7. On April 15, 2025, the United States Trustee appointed a creditors' committee [D.I. 95].

8. On April 23, 2025, the Debtors filed the Motion [D.I. 156] and their corresponding Motion to Shorten the Notice Period with Respect to the Motion [D.I. 157].

## OBJECTIONS

9. "The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate." *In re John Joseph Edwards*, 228 B.R. 552, 561

(Bankr. E.D. Pa. 1998); *see also In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2004); *In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 339 (3d Cir. 2004).

10. While Robindale does not *per se* oppose the Debtors selling their assets in order to maximize value for their estates and creditors, the proposed Bidding Procedures are not designed to have that effect. Rather, the Bidding Procedures, if left unmodified, propose a process that will discourage third-party bidders and likely result in a sale of the assets to insiders for less than fair value. The Bidding Procedures should therefore be modified in order to foster a fair and robust sales environment that will achieve the highest value for the Debtors' assets.

11. **The Bid Procedures Should Not Allow Bedrock to Credit Bid.** The Bidding Procedures should not allow Bedrock to maintain the absolute right credit bid the amount of its alleged prepetition indebtedness pursuant to section 363(k) of the Bankruptcy Code.

12. Bankruptcy courts have discretion to deny a secured creditor the ability to credit bid for "cause." *See* 11 U.S.C. § 363(k). While the Bankruptcy Code does not define "cause," cause is a "flexible concept enabling a court to fashion an appropriate remedy on a case-by-case basis." *In re NJ Affordable Homes Corp.*, 2006 Bankr. LEXIS 4498, at *59 (Bankr. D.N.J. June 29, 2006). Further, the "for cause" exemption in section 363(k) is not limited to situations where a secured creditor has engaged in inequitable conduct, but that a court may deny credit bidding "in the interest of any policy advanced by the Code, such as to ensure the success of the reorganization or to foster a competitive bidding environment." *Id.* (quoting *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, fn.14 (3d Cir. 2010)).

13. Credit bidding should not be allowed when it would chill bidding and threaten notions of fairness in the bankruptcy process. *See In re Philadelphia Newspapers*, 599 F.3d 298; *Fisker*, 510 B.R. at 60–61. Any prospective bidders will be disenfranchised by competing with a

secured creditor who does not have to go out of pocket to match a competing bid. *See In re Antaeus Technical Servs., Inc.*, 345 B.R. 556, 564 (Bankr. W.D. Va. 2005) ("Such a sale is like getting into an auction in which the other party is actually the owner of the property being sold, whose interest is not in actually obtaining the subject property but in playing poker to see what is the highest bid which the independent bidder is willing to make.").

14. The Bidding Procedures should facilitate "an open and fair public sale," which cannot be achieved if Bedrock retains the right to credit bid. *See In re President Casinos*, Inc., 314 B.R. 784, 786 (Bankr. E.D. Mo. 2004) (The Court denied "approval of the bid procedures [as it] would not enhance the bid process and may in fact chill bidder interest"). "Cause," therefore, exists to deny, or at a minimum amend, Bedrock's ability to credit bid giving chilling effect it will have on third-party interest in the Debtors' assets.

15. Moreover, section 363(k) of the Bankruptcy Code permits credit bidding of allowed claims only. *See* 11 U.S.C. § 363(k). Whether Bedrock has allowed claims (or any claims) remains a legitimate question. Bedrock should not be permitted to credit bid with claims that have yet to be formally reviewed and investigated.

16. Finally, if the Court allows Bedrock to credit bid and it exercises that option, any order approving the Bidding Procedures should be amended to expressly preserve the ability or parties in interest to challenge the validity, extent, and priority of the Bedrock's alleged liens.

## **RESERVATION OF RIGHTS**

17. Robindale expressly reserves the right to: (i) supplement this Objection at any time prior to the hearing on the Bid Procedures Motion and/or the Sale Hearing; and (ii) raise additional or further objections to the Bid Procedures Motion at any hearing on the Bid Procedures or the Sale Hearing.

18. Moreover, Robindale expressly reserves the right to object to the Sale and any subsequent bid protections granted to any bidder.

WHEREFORE, Robindale respectfully requests that the Court enter a Final Order in respect of the Bid Procedures that addresses and accommodates all objections set forth herein, and that requires conforming changes to the Bid Procedures, and grant to Robindale such other and further relief as is just and appropriate.

Dated: April 29, 2025

Respectfully Submitted,

CAMPBELL & LEVINE, LLC

*/s/ Katherine L. Hemming*
Katherine L. Hemming (No. 5496)
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801
(302) 426-1900
khemming@camlev.com

-and-

Kirk B. Burkley, Esq., PA ID 89511
Mason S. Shelton, Esq. PA ID 332792
BERNSTEIN-BURKLEY, P.C.
601 Grant St., 9th Floor
Pittsburgh, PA 15219
Phone: (412) 456-8121
kburkley@bernsteinlaw.com
mshelton@bernsteinlaw.com

*Counsel for Robindale*