IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KTRV LLC, *et al.*,[1] | Case No. 25-10601 (MFW) <br> (Jointly Administered) |
| Debtors. | Re: Docket No. 177 |

**DEBTORS' OBJECTION TO THE MOTION OF ANGELA SVONAVEC, JASON SVONAVEC, AND HERITAGE HOLDING CO., LLC TO COMPEL FULL ACCESS TO DATA ROOM AND DEBTOR INFORMATION IN CONNECTION WITH SALE**

The above-captioned debtors (the "Debtors") object to the motion (the "Motion") of Angela Svonavec, Jason Svonavec, and Heritage Holding Co., LLC ("Heritage Holding") (collectively, the "Svonavec Parties") to compel the Debtors to provide full access to the Debtors' data room and Debtors' information in connection with sale, and in opposition to the Motion, the Debtors state as follow:

**BACKGROUND**

1. Heritage Holding is the former owner of Debtor Heritage Coal & Natural Resources, LLC ("HCNR"). Angela Svonavec is the owner of Heritage Holding, and Jason Svonavec is the former manager of Heritage Holding. The sale from Heritage Holding to KTRV closed on February 5, 2024.

2. Since beginning to explore various strategic alternatives more than three months ago, the Debtors have spoken with more than fifteen parties who are potentially interested in purchasing some or all the Debtors' assets. Of those, eleven parties have executed nondisclosure

---

[1] The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

17307286/4

agreements and substantially all of those parties have reviewed the Debtors' data room (the "<u>Dataroom</u>") which was created for the purpose of marketing of the Debtors' assets.

3. The Svonavec Parties seek to be allowed the opportunity to gain access to the Dataroom. In support of their request, the Svonavec Parties fashion themselves as the largest creditors in the case, and allege they are similarly situated to those other parties interested in purchasing the Debtors' assets, and accordingly, the Svonavecs assert the Debtors should allow them access to the Dataroom.

4. The Svonavecs are not like other parties, and any argument to the contrary is divorced from reality. First and foremost, Heritage Holdings was the owner less than fifteen months ago, and until the sale to KTRV was consummated, Jason Svonavec was the manager of HCNR. Mr. Svonavec remained an employee of HCNR, with the title of General Manager, until May 13, 2024. Accordingly, Jason Svonavec already has a good understanding of all of the Debtors' assets.

5. Second, the Svonavec Parties are a primary cause for the Debtors' bankruptcy filing, and although the Svonavec Parties assert that they have a large claim against the estates, the Debtors will be filing a second lawsuit[2] against one or more of the Svonavec Parties in the near future, a fact of which they are undoubtedly aware. It is therefore conceivable that Svonavec Parties are not seeking information for the purposes of conducting diligence, but as discovery in advance of litigation.

6. Third, the Debtors and other parties, including the Creditors' Committee, and Bedrock, have expressed concerns about the Svonavec Parties gaining access to the Debtors'

---

[2] On April 17, 2025, HCNR commenced an adversary proceeding (25-50532) against the Svonavec Parties, by and through which the Debtor sought to Determine the Validity, Priority and Extent of the Heritage Holdings Parties' Asserted Liens on Certain of the Debtors' Property, (II) Avoid the Heritage Holdings Parties' Improperly Perfected Liens, and (III) Avoid and Recover Preferential Transfers from the Heritage Holdings Parties.

17307286/4

confidential proprietary information. The simple and inescapable fact is that Jason Svonavec has been convicted of two counts of crimes of dishonesty[3] for which he has not even finished serving his criminal sentence. There is no reason for the Debtors or any party to believe that the Svonavec Parties will abide by any terms for confidentiality or nondisclosure.

7. Moreover, the Debtors have good reason to be concerned  As more fully stated in the Debtors' Motion for an Order to Show Cause [Docket No. 20] (the "Show Cause Motion"), starting in February 2025, Ms. Svonavec directed at least two former employees of HCNR to unlawfully enter onto multiple HCNR mining properties in Maryland and Pennsylvania in an attempt to seize, repossess or render unusable the equipment located at each respective HCNR facility and sabotage HCNR's mining operations at those facilities. All told, these actions caused more than $200,000 of damage to the equipment alone, and as a result of the sabotage, HCNR was not able to effectively operate these two Pennsylvania mines beyond a very limited basis.

8. Even after the Debtors filed their bankruptcy petitions, Ms. Svonavec and Heritage Holding refused to return the parts stolen from the Debtors,[4] and it was only after the Debtors filed the Motion for an Order to Show Cause that Ms. Svonavec and Heritage Holding arranged for the stolen parts to be returned.

9. For all of the foregoing reasons, the Debtors, after consulting with the Committee and Bedrock, did not agree to give the Svonavec Parties carte blanche access to the Debtors'

---

[3] "On December 5, 2023, the defendant, Jason R. Svonavec, was charged by way of an Information with one count of tax evasion and one count of falsifying income tax returns. According to the agreed-upon Information, Svonavec agreed to admit that for tax years 2017 and 2018 he willfully evaded the payment of federal income taxes on his personal income tax returns. On January 18, 2024, Svonavec entered a plea of guilty to both counts of the Information." See United States Sentencing Mem., United States v. Svonavec, No. 2:23-CR-00264-CB (W.D. Pa. Aug. 8, 2024), ECF No. 33.

[4] See Email from Dean Phillips, counsel for Heritage Holding Co. and Angela Svonavec, dated March 21, 2025 at 12:10 p.m. ("HHC is in possession of the assets referenced in your email which were seized pursuant to a lawful repossession under Article 9-1069 of the UCC. HHC has no interest in returning said assets at this time. . . .".) A copy of the March 21 email is attached as **Exhibit B** to the Show Cause Motion.

confidential, propriety information. However, the Debtors, again after consultation with the Committee and Bedrock, proposed a means by which the Svonavec Parties could gain access to the Dataroom. As more fully set forth as **Exhibit C** to the Motion, the Debtors agreed to allow a legitimate financial advisor or investment banker access to the Dataroom to review the information contained therein on a professional-eyes-only basis. Further, there would still need to be an execution of a nondisclosure agreement containing a liquidated damages clause, and the Svonavec Parties would need to put money into escrow.

10. This condition was in no way a refusal of the Svonavec Parties' request, but rather a narrowly tailored effort to provide the Svonavec Parties with information (albeit indirectly through a reputable third party), while safeguarding the Debtors' confidential information. Contrary to the Svonavec Parties' arguments, the conditions set by the Debtors were neither insurmountable nor arbitrary obstacles.

11. The Debtors agree with the broad propositions espoused by the Svonavec Parties, such as a debtor's fiduciary duty to maximize value of the estates through a fair and open auction and sale process, including access to information. What the Svonavec Parties ignore is that no interested parties - other than Heritage Holding – was the former owner of HCNR a mere 15 months ago. Further, upon information and belief, no other interested purchasers other than Jason Svonavec have been convicted of crimes of dishonesty. Nor have any other interested parties - other than Angela Svonavec - directed anyone to break into the Debtors' property to steal essential parts from the Debtors' equipment and then refuse to return those parts until a motion for an order to show cause was filed. If the Svonavecs are willing to risk their freedom by filing false tax returns and conspiring with former employees to break into the Debtors' premises to steal the Debtors' property, there is no reason to believe that the Svonavec Parties will honor the terms of

a confidentiality agreement. That is why the Debtors required safeguards for the Svonavec Parties' access to the Dataroom and related confidential proprietary information.

12. Allowing the Svonavec Parties access to the Debtors' confidential proprietary information without such safeguards will not enhance the value of the Debtors' estates; rather, it will likely decrease their value as other potential purchasers – many of whom have had dealings with the Svonavec Parties – may view such access as giving valuable information to an untrustworthy party, and accordingly, may not be willing to bid as much or at all for the Debtors' assets.

13. For the foregoing reason, the Motion should be denied, and if the Svonavec Parties want information with respect to the Debtors' businesses, they should be required to execute an NDA with appropriate guardrails, such as limiting access to a legitimate financial advisor or investment banker on a professional-eyes-only basis, and with a liquidated damages provision and

*[Remainder of page intentionally left blank]*

money to be held in escrow.

| | |
|---|---|
| Dated: May 1, 2025<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Jeffrey R. Waxman*<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Eric J. Monzo (DE Bar No. 5214)<br>Christopher M. Donnelly (DE Bar No. 7149)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morrisjames.com<br>      emonzo@morrisjames.com<br>      cdonnelly@morrisjames.com<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors-in-Possession* |

17307286/4