**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

KTRV LLC, *et al.*,[1]

        Debtors.

Chapter 11

Case No. 25-10601 (MFW)

(Jointly Administered)

**STATEMENT OF FINANCIAL AFFAIRS**
**FOR KTRV LLC**
**CASE NO. 25-10601**

---

[1] The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KTRV LLC, *et al.*, | Case No. 25-10601 (MFW) |
| Debtors.[1] | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

On March 30, 2025 (the "Petition Date"), KTRV LLC and its affiliated debtor (collectively "KTRV" or "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are pending and administered under Case No. 25-10601 (MFW).

On February 5, 2024, KTRV purchased all of the membership interests in HCNR from Heritage Holding Co pursuant to a membership interest purchase agreement. Bedrock Industries Investco 1 LLC provided financing for KTRV's purchase of the membership interests in HCNR.

On February 12, 2025 HCNR and KTRV conveyed title and ownership of the vast majority of its mining equipment assets to Bedrock Industries Investco 1 LLC in satisfaction of $10,000,000 of its obligations under the Bedrock loan agreement. Based on this agreement the Debtors' owned assets were reduced to approximately $3,528,000 (book value) and the Bedrock loan balance was reduced by $10,000,000. The Bedrock loan balance was $6,349,363 at the petition date.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs ("Statements"). The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors (whether

---

[1]    The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflects the Debtors' reasonable efforts to report the assets and liabilities.  In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.  The Debtors, and their officers, employees, agents, attorneys, and financial advisors, do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, financial advisors, and other professionals expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized.  The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by David Tradburks Manager of KTRV. Mr. Tradburks has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Tradburks has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Tradburks necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.**

### Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or the Debtor against which the Claim is asserted; dispute or

2

otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors are not hereby committing or obligating themselves to update the Schedules and Statements.

The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim pursuant to section 502 of the Bankruptcy Code or how such obligations may be classified or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **Description of Case and "as of" Information Date**. The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the close of business on March 29, 2025, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the close of business on March 29, 2025.

3. **Basis of Presentation.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. These Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

3

4. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

5. **Corporate Structure.** KTRV LLC ("KTRV") is a Delaware corporation and the direct parent company of the other Debtor. KTRV is the 100% shareholder of Heritage Coal & Natural Resources, LLC ("HCNR").

6. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, further designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

7. **Intercompany Claims.** The intercompany receivable/payable balances between the Debtors are set forth on Schedule A/B , as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' and affiliates' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

8. **Real Property and Personal Property—Leased**. In the ordinary course of their businesses, the Debtors lease real or other property, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have included on **Schedule D** secured obligations to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

9.  **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued balances, deferred gains, and other contingent liabilities.  In addition, certain immaterial assets and liabilities may have been excluded.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code.  The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date, to the extent such damage claims may exist.  In addition, certain immaterial assets and liabilities may have been excluded.

10. **Insiders**.  A party's status as an insider is dependent upon the individual's or entity's role or involvement with one or more of the Debtors and is further contingent upon the timing of such a relationship with one or more of the Debtors. Entities or individuals listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities or individuals are insiders for purposes of section 101(31) of the Bankruptcy Code.  Such entities or individuals may no longer serve in such capacities.  In the interest of additional disclosure, the Debtors may also have included certain entities or individuals who may have officer titles.  The listing of a party as an insider for purposes for the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  The information contained herein regarding insiders may be used for purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purposes.

11. **Intellectual Property Rights**.  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

12. **Executory Contracts and Unexpired Leases**.  The Debtors have not estimated the value of executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G.  Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

13. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

14. **Claims Description**. Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

15. **Causes of Action**. Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of the Debtors' causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

16. **Paid Claims.** The Bankruptcy Court authorized the Debtors to pay certain outstanding prepetition Claims—including, but not limited to, payments to employees, taxes, critical vendors, and shippers and warehousemen—pursuant to various "first day" orders entered by the Bankruptcy Court. **Accordingly, certain outstanding liabilities as of the Petition Date may have been reduced by post-petition payments made on account of prepetition liabilities.** Where the Schedules list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date. In addition, to the extent the Debtors later pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing Claim objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

17. **Liens.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

18. **Setoffs**. The Debtors incurred certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers or customers. These offsets, and other similar rights, are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets in the ordinary course of business are not independently accounted for, and as such, may be excluded from the Schedules and Statements.

19. **Estimates and Assumptions**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

20. **Confidentiality.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

21. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B.** The Debtors have not included unexpired leases and executory contracts on Schedule A/B. Unexpired leases and executory contracts are listed on Schedule G.

**Schedule A/B 3.** Bank account balances were obtained from bank detail as of the end of business on Petition Date. There are three bank accounts in the name of Heritage Coal & Natural Resources, LLC and one bank account in the name of KTRV LLC that appear on Schedule A/B 3. The activity for those accounts is maintained in the general ledger of each Debtor.

Two of the HCNR bank accounts are restricted collateral accounts for posted surety bonds to certain government or other public agencies or entities to secure the Debtors' payment or performance of certain obligations, to obtain permits necessary to the Debtors' business activities, or as a requirement under certain contractual obligations.

**Schedule A/B 11**.  Current assets include an intercompany receivable on KTRV's balance sheet and  intercompany payable on HCNR's balance sheet.

**Schedules A/B 15**.  Each Debtor's Schedule A/B includes its ownership interest, if any, in any non-debtor subsidiaries. Because the Debtors did not undertake a historical analysis to assign values to the equity interests in the non-debtor subsidiaries, the value of the interest in non-debtor subsidiaries is listed as "undetermined."

**Schedules A/B 19-22.** The amounts set forth for these schedules reflect book value of the listed assets.  The Debtors perform periodic cycle counts of inventory in lieu of full physical inventories.

**Schedule D**.  The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, deposits, retainers, surety bonds, or statutory lien rights.  In particular, and without limiting the generality of the foregoing, the Debtors have not included certain taxing authorities on Schedule D who may have filed or assert tax liens against the Debtors.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements.

**Schedule E/F**.  The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based upon the Debtors' books and records as of the Petition Date.  Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Any information contained in Schedule E/F with respect to potential litigation shall not be a binding admission or representation of any Debtor's liability with respect to any of the potential suits and proceedings included therein. Real estate taxes and certain other contingent accrued liabilities not reasonably estimated may have been excluded from Schedule E/F.

**Schedule E/F** reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid (subject to an order of the Bankruptcy Court) in connection with the assumption of executory contracts or unexpired leases.  Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected, except where a judgment has been rendered.

The Debtors may have previously paid or in the future pay, in full or in part, certain Claims listed on Schedule E/F during the Chapter 11 cases pursuant to orders of the Bankruptcy Court,

such payments are not reflected on Schedule E/F and the Debtors and reserve all rights to update Schedule E/F to reflect such payments.

**Schedule E/F Part 1** schedules certain claims of taxing authorities as priority unsecured claims pursuant to section 507(a)(8) of the Bankruptcy Code. The Debtors do not concede that any claims of taxing authorities are entitled to priority status and reserve all rights in connection therewith.

**Schedule G.** Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained through the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. Multiple listings may not reflect distinct contracts between the applicable Debtor and such supplier or provider but, instead, a series of documents comprising a single contract. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or terminated prior to the Petition Date. The Debtors reserve their rights to argue that any of the contracts, agreements, and leases listed on Schedule G expired or terminated prior to the Petition Date. Additionally, some of the contracts, agreements, and leases listed on Schedule G may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of its business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements non-disclosure and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

17324562/1

**Schedule H.** The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Such Claims, to the extent they exist, have not been set forth individually on Schedule H. All material litigation matters are listed under Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Question 3.** For certain parties receiving payment, the Debtors maintain multiple addresses for such party. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3. Question 3 includes any disbursement or other transfer made by the Debtors except for those made to employees. Pursuant to the Debtors' cash management system, payments made to various parties may be made from a single Debtor on behalf of one or more Debtor entities. The Debtors have only listed the Debtor entity that disbursed the payment. In addition, for the sake of completeness and out of an abundance of caution, the Debtors may have listed transfers valued at less than $7,575 in their response to Question 3.

**Question 4** With respect to any person ore entity listed on Question 4, or otherwise identified as an "insider" on the Debtors' Schedules and Statements, the Debtors do not concede that such person or insider is an "insider" as defined under the Bankruptcy Code or otherwise. The Debtors do not take any position with respect to (a) such person or entity's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual or entity; (c) the decision-making or corporate authority of such individual or entity; or (d) whether such individual or entity could successfully argue that he, she or it is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Question 6.** The Debtors may incur setoffs resulting from the ordinary course of business with their counterparties. Such setoffs are consistent with the ordinary course practices in the Debtors' industry. Additionally, it would be overly burdensome and costly for the Debtors to list all such normal setoffs. Therefore, Question 6 excludes such setoffs.

**Questions 7 & 22.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits, judicial and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or

proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

**Question 10.** The Debtors have made best efforts to collect applicable and responsive information, however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

**Question 26d**. In addition to the parties disclosed in response to this question, the Debtors have provided financial statements in the ordinary course of their businesses to various financial institutions, creditors, landlords, and other parties within two (2) years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed all parties that may have received such financial statements for the purposes of Question 26d.

**Fill in this information to identify the case:**

Debtor name: KTRV LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10601

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2025    to    Filing Date | ☑ Operating a business<br>☐ Other | $0.00 |
| For prior year: | From 1/1/2024    to    12/31/2024 | ☑ Operating a business<br>☐ Other | $0.00 |
| For the year before that: | From 1/1/2023    to    12/31/2023 | ☑ Operating a business<br>☐ Other | $0.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2025    to    Filing Date | | |
| For prior year: | From 1/1/2024    to    12/31/2024 | | |
| For the year before that: | From 1/1/2023    to    12/31/2023 | | |

**Part 2:**   **List Certain Transfers Made Before Filing for Bankruptcy**

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 Bedrock Industries - Address on File<br><br>Relationship to debtor<br>Lender | 04/15/2024 | $100,000.00 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 4.2 Bedrock Industries - Address on File<br><br>Relationship to debtor<br>Lender | 05/15/2024 | $100,000.00 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4.3**

Bedrock Industries - Address on File

Relationship to debtor
Lender

06/17/2024    $100,000.00

☑ Secured debt
☐ Unsecured loan repayments
☐ Suppliers or vendors
☐ Services
☐ Other

**4.4**

Heritage Coal and Natural Resources, LLC
1117 Shaw Mines Rd
Meyeresdale, PA 15552

Relationship to debtor
Affiliate

06/11/2024    $370,000.00

☐ Secured debt
☐ Unsecured loan repayments
☐ Suppliers or vendors
☐ Services
☑ Other

**4.5**

Heritage Coal and Natural Resources, LLC
1117 Shaw Mines Rd
Meyeresdale, PA 15552

Relationship to debtor
Affiliate

06/18/2024    $98,000.00

☐ Secured debt
☐ Unsecured loan repayments
☐ Suppliers or vendors
☐ Services
☑ Other

**4.6**

Heritage Coal and Natural Resources, LLC
1117 Shaw Mines Rd
Meyeresdale, PA 15552

Relationship to debtor
Affiliate

06/20/2024    $388,000.00

☐ Secured debt
☐ Unsecured loan repayments
☐ Suppliers or vendors
☐ Services
☑ Other

**4.7**

Heritage Coal and Natural Resources, LLC
1117 Shaw Mines Rd
Meyeresdale, PA 15552

Relationship to debtor
Affiliate

06/21/2024    $85,000.00

☐ Secured debt
☐ Unsecured loan repayments
☐ Suppliers or vendors
☐ Services
☑ Other

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 Bedrock Industries - Address on File | Mining Equipment | 2/12/2025 | $10,000,000.00 |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | Last 4 digits of account number | | |

---

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** Heritage Holding Co., LLC v. KTRV, LLC<br>**Case number** GD-24-101899 | Breach of contract | Name Allegheny County Court of Common Pleas.<br>Street 437 Grant St<br>City Pittsburgh   State PA   Zip 15219 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address<br>Street<br>City   State   Zip | Case title<br>Case number<br>Date of order or assignment | Court name and address<br>Name<br>Street<br>City   State   Zip |

**Part 4:**    **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | |

Recipient's name

Street

City          State          Zip

**Recipient's relationship to debtor**

**Part 5:**    **Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss
If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:**    **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |

**Email or website address**

**Who made the payment, if not debtor?**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 _____ Trustee _____ | _____ | _____ | _____ |

**13. Transfers not already listed on this statement**

List any transfers of money or other property  by sale, trade, or any other means  made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 _____ Relationship to debtor _____ | _____ | _____ | _____ |

---

**Part 7:**  **Previous Locations**

---

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1 Street _____ City _____ State ___ Zip _____ | From _____  to _____ |

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |

Street

City                    State          Zip

**Location where patient records are maintained**(if different from facility address). If electronic, identify any service provider

**How are records kept?**
Check all that apply:

☐ Electronically

☐ Paper

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below:

**Name of plan**

**Employer identification number of the plan**

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____ <br> Street _____ <br> City ___ State ___ Zip ___ | _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | _____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name _____ <br> Street _____ <br> City ___ State ___ Zip ___ | Address _____ _____ | _____ | ☐ No <br> ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____ <br> Street _____ <br> City ___ State ___ Zip ___ | Address _____ _____ | _____ | ☐ No <br> ☐ Yes |

**Part 11:**    **Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:**    **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 Case Number | Name<br>Street<br>City    State    Zip | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 Name<br>Street<br>City    State    Zip | Name<br>Street<br>City    State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City   State   Zip | City   State   Zip | | |

---

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | |
| Heritage Coal and Natural Resources, LLC<br>1117 Shaw Mines Rd<br>Meyersdale, PA 15552 | Coal mining and processing | EIN   26-1998326 |
| | | **Dates business existed**<br>From  2008   to  Present |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Suttle & Stalnaker PPLC<br>1412 Virginia St E<br>Charleston, WV | From  February 2024   to  Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 | |
| Suttle & Stalnaker PPLC<br>1412 Virginia St E<br>Charleston, WV | From  February 2024   to  Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** Suttle & Stalnaker PPLC <br> 1412 Virginia St E <br> Charleston, WV | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| **26d.1** |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| **28.1** ALK Holdings LLC <br> 5 Yens Way <br> St. James, NY 11780 | Member | 41% |
| **28.2** JGK Holdings LLC <br> 41 Hillair Circle <br> White Plains, NY 10605 | Member | 13% |
| **28.3** Jordan Kestenbaum Address Redacted | Member and Manager | 41% |
| **28.4** Deborah Kestenbaum Address Redacted | Member | 5% |
| **28.5** David Tradburks Address Redacted | Manager | 0% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From _____  to _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN _____ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN _____ |

**Fill in this information to identify the case:**

Debtor name: KTRV LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10601

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
5/7/2025
_____

*David Tradburks*
_____
Signature of individual signing on behalf of debtor

David Tradburks
_____
Printed name

Manager
_____
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No

☐ Yes