**<u>EXHIBIT 2</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KTRV LLC, *et al.*,[1] | Case No. 25-10601 (MFW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 493, 499, 535, 556, and 556572 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
(I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS;
AND (II) CONFIRMING COMBINED DISCLOSURE STATEMENT AND
PLAN OF LIQUIDATION DATED SEPTEMBER 1, 2025**

The above-captioned debtors and debtors-in-possession (the "Debtors" or the "Plan Proponent") having filed the *Chapter 11 Combined Plan & Disclosure Statement Dated September 1, 2025* [Docket No. 493] (together with the Plan Supplement and all exhibits and any other modifications, amendments, or supplements thereto, the "Plan");[2] the Court having entered, on September 2, 2025, the *Order Granting the Debtors' Motion for an Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, (IV) Approving the Form of Ballot and Solicitation Package, and (V) Approving the Notice Provisions* [Docket No. 499] (the "Solicitation Procedures Order"), establishing, among other things, certain solicitation and voting tabulation procedures associated with the Plan; and the Court having conducted a hearing on October 15, 2025, to consider approval

---

[1]    The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

[2]    Capitalized terms used but not defined herein shall have the same meanings given to them in the Plan.

of the Disclosure Statement on a final basis and confirmation of the Plan (the "Confirmation Hearing"); the Court having considered: (a) the witness testimony at the Confirmation Hearing, as well as the declarations included among the exhibits admitted into evidence at the Confirmation Hearing, including the (i) *Declaration of Brian Ryniker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "First Day Declaration"); (ii) *Declaration of Brian Ryniker in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated September 1, 2025* [Docket No. 557] (the "Ryniker Confirmation Declaration,"), the *Declaration of Roland Davis in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated September 1, 2025 Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated September 1, 2025* (the "Davis Declaration") [Docket No. 558]*;* and (vi) *Certification of Adam J. Fialkowski of Stretto Regarding Voting and Tabulation of Ballots Cast on Combined Disclosure Statement and Plan of Liquidation* [Docket No. 553] (the "Voting Declaration," and, together with the First Day Declaration, the Ryniker Confirmation Declaration, and the Davis Declaration, the "Declarations"); (b) the arguments of counsel and all evidence proffered or adduced at the Confirmation Hearing; (c) the resolution and settlement or overruling of any filed objections or informal comments received relating to the Plan; and (d) the additional filings made by the Debtors in support of the Plan, including the affidavit of service for the Plan, the ballots and other solicitation materials [Docket No. 501, 504, 516, 520, 531] (the "Service Affidavits"); the Court being familiar with the Plan, and the relevant facts and circumstances concerning the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors"); the Court having taken judicial notice of the entire docket of the Chapter 11 Cases and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at

17576844/3
17576844/4

the hearings held before the Court during the Chapter 11 Cases; the Court having found that due

and proper notice has been given with respect to the Confirmation Hearing and the deadlines and

procedures for voting on the Plan and asserting objections to the Plan consistent with the

Solicitation Procedures Order and the Bankruptcy Code; the appearance of all interested parties

having been duly noted in the record of the Hearing; and upon the record of the Confirmation

Hearing, and after due deliberation thereon, and sufficient cause appearing therefor

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED

AS FOLLOWS:

### FINDINGS OF FACT

A.      <u>Findings of Fact and Conclusions of Law</u>. The findings set forth herein and on the

record of the Confirmation Hearing constitute the Court's findings of fact pursuant to Rule 52 of

the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and

9014. To the extent any of the following findings of fact constitute conclusions of law, they are

adopted as such. To the extent any of the following conclusions of law constitute findings of fact,

they are adopted as such.

B.      <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11

Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other

documents filed, all orders entered, and all evidence admitted and arguments made at the hearings

held before the Court during the pendency of the Chapter 11 Cases.

C.      <u>Exclusive Jurisdiction; Core Proceeding; Venue</u>. This Court has jurisdiction over

the Chapter 11 Cases and to confirm the Plan pursuant to 28 U.S.C. § 1334 and the Amended

Standing Order of Reference from the United States District Court for the District of Delaware,

dated as of February 29, 2019. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C.

17576844/3
17576844/4

§ 157(b). Venue is proper before this Court and in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    <u>Chapter 11 Petition</u>. On March 30, 2025 (the "<u>Petition Date</u>"), the Debtors each commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

E.    <u>Eligibility for Relief</u>. The Debtors are each an eligible debtor under section 109 of the Bankruptcy Code.

F.    <u>Appointment of Creditors Committee</u>.  On April 15, 2025, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") formed Committee.

G.    <u>Solicitation Procedures Order</u>. On September 2, 2025, the Court entered the Solicitation Procedures Order, approving the adequacy of the Disclosure Statement on an interim basis, and establishing the procedures for solicitation of the Plan. Among other things, the Solicitation Procedures Order set October 7, 2025 at 4:00 p.m. as the deadline for submission of ballots and for filing of objections in opposition to confirmation.

H.    <u>Notice, Transmittal, and Mailing of Solicitation Materials</u>. As evidenced by the Service Affidavit, due, adequate, and sufficient notice of the Plan, and the Confirmation Hearing, together with all deadlines for objecting to and voting to accept or reject the Plan, have been provided as required by the Solicitation Procedures Order.  No other or further notice is necessary or shall be required.

I.    <u>Solicitation</u>. In compliance with the Solicitation Procedures Order, on or about September 5, 2025, the Debtors caused copies of the following documents to be served (i) the Confirmation Hearing Notice on the creditor matrix and all other parties required to receive such notice pursuant to the Solicitation Procedures Order, (ii) Confirmation Hearing Notice, Solicitation Procedures Order, and Unimpaired Non-Voting Status Notice, (iii) Solicitation Packages

4

consisting of the Plan, the Solicitation Procedures Order, customized copy of the Ballot, a notice of hearing to consider approval of the Plan, a cover letter to all holders of claims or interests entitled to vote on the Plan, and a pre-addressed postage prepaid return envelope on all known Holders of Claims in Class 3 (Bedrock Claim), Class 4 (General Unsecured Claims), and Class 5 (Convenience Class Claims), (iv) the Unimpaired Non-Voting Status Notice in lieu of a Solicitation Package on all known Holders of Unimpaired Claims in Classes 1 (Priority Non-Tax Claims) and 2 (Secured Claims), and (v) the Confirmation Hearing Notice, Solicitation Procedures Order, and Impaired Non-Voting Status Notice in lieu of a Solicitation Package on all known Holders of Impaired Claims in Class 6 (Equity Interests). A Certificate of Service evidencing the service of the foregoing was filed with the Court on September 19, 2025 [Docket No. 516, 520, and 531]. Based on the foregoing, the Court finds that (i) all persons entitled to receive notice of the Plan, and the Confirmation Hearing have received proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto; (ii) the Debtors are in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)–(f); (iii) no other or further notice is required; and (iv) votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

J.      _Vote Certification_. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. As

evidenced by the Voting Declaration, the only classes eligible to vote whether to accept or reject the Plan, Classes 3, 4 and 5 voted to accept the Plan. Specifically, (i) the only Class 3 Ballot received by the Voting Agent voted to accept the Plan; (ii) 87.5% of the Class 4 Ballots received by the Voting Agent (7 of 8 votes, including 3 opt ins), representing 85.9% of the amount of Class 4 claims ($371,753.76 of $432,996.00) voted to accept the Plan; and (iii) 93.8% of the Class 5 Ballots received by the Voting Agent (15 of 16 votes), representing 81.1% of the amount of Class 5 claims ($72,275.21 of $89,084.79) voted to accept the Plan and, according to the Solicitation Procedures Order, the Plan is deemed accepted by the Holders of such Claims in such Class.

K.      Plan Supplement. On September 30, 2025, the Debtors filed the *Plan Supplement* [Docket No. 535], which included the form of Liquidating Trust Agreement. All information and documents included in the Plan Supplement and the amendments thereto are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required. On October 10, 2025, the Debtors filed an *Amended Plan Supplement* [Docket No. 556]. Consistent with the terms of the Plan, the Debtors reserve their right to further alter, amend, update, or modify the Plan Supplement before the Effective Date.

L.      Bankruptcy Rule 3016. The Plan is dated and identifies its proponent in accordance with Bankruptcy Rule 3016(a), and the Disclosure Statement satisfies Bankruptcy Rule 3016(b).

M.      Liquidating Trust. Entry into the Liquidating Trust Agreement is in the best interests of the Debtors, their Estates, and Holders of Claims. The establishment of the Liquidating Trust, the selection of the Liquidating Trustee, and the form of the proposed Liquidating Trust

17576844/3
17576844/4

Agreement (as it may be modified or amended in accordance with the terms thereof) are appropriate and in the best interests of the Debtors, their Estates, and Holders of Claims. The Liquidating Trust Agreement will, upon execution, be valid, binding, and enforceable in accordance with its terms. The Liquidating Trustee is not, and will not be deemed to be, successor-in-interest of the Debtors for any purposes other than as expressly set forth in the Plan or in the Liquidating Trust Agreement.

## I.    The Plan Satisfies Section 1125 of the Bankruptcy Code

N.    The Plan provides Holders of Claims and Interests in the Chapter 11 Cases with information, including among other things: (i) the circumstances that gave rise to the filing of the Debtors' bankruptcy petitions; (ii) an estimate of the Estates' assets and liabilities; (iii) the Debtors' actions and conditions during the Chapter 11 Cases, including the sale of substantially all of the Debtors' assets; (iv) the proposed treatment of Claims and Interests under the Plan and likely distributions to be received on account of each Class of Claims and Interests under the Plan; (v) an analysis as to the distributions creditors would receive from the Debtors' Estates if they were liquidated under Chapter 7 of the Bankruptcy Code; (vi) a summary of what remaining assets are left to be liquidated by the Liquidating Trust after the Effective Date; (vii) a disclaimer stating that no statements or information regarding the Debtors, their assets or securities are authorized, other than those included in the Plan; (viii) the relevant sources of information contained in the Plan; (ix) information regarding the Liquidating Trust, including the identity of the Liquidating Trustee and its compensation; (x) financial information necessary to allow a creditor to decide whether to approve or reject the Plan; (xi) information regarding the risks being taken by the Holders of Claims and Interests prior to voting; (xii) a description of potential avoidance actions and nonbankruptcy litigation that are Liquidating Trust Assets; (xiii) the right and ability of the Liquidating Trustee to  collect, market for sale, liquidate, assert, compromise or dispose of the

17576844/3
17576844/4

Liquidating Trust Assets, including certain Causes of Action without further notice to Creditors or Interest Holders or authorization of the Bankruptcy Court; (xiv) certain tax considerations under the Plan; (xv) conspicuous language containing ~~releases, exculpation and~~ limitation of liabilities and the injunction to be entered by and in connection with the Plan; and (xvi) such other and further information that informs Holders of Claims and Interests of their rights arising from and relating to the Plan.

O.     The Plan provides Holders of Claims and Interests with adequate information with respect to such Claim and Interest, to enable those Holders of Claims and Interests sufficient information to make an informed decision whether to vote to accept or reject the plan and satisfies the requirements of Section 1125 of the Bankruptcy Code.

## II.    Compliance with Section 1129 of the Bankruptcy Code

P.     <u>Section 1129(a)(1)</u>. The Plan complies with section 1129(a)(1) of the Bankruptcy Code, as the Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

(i)     In accordance with section 1122(a) of the Bankruptcy Code, (a) Article IV of the Plan classifies Claims and Equity Interests into six (6) separate Classes reflecting the differing characteristics of those Claims and Equity Interests between Classes and the distinct legal rights of the holders of those Claims and Equity Interests in the separate Classes; and (b) the Claims and Equity Interests within each Class are substantially similar to the other Claims or Equity Interests within the same Class.

(ii)    In accordance with section 1123(a)(1) of the Bankruptcy Code, Article IV of the Plan properly classifies all Claims and Equity Interests that require classification.

(iii)   In accordance with section 1123(a)(2) of the Bankruptcy Code, Article IV of the Plan properly identifies and describes that Classes 1 and 2 are not impaired under the Plan and are deemed to accept.

(iv)    In accordance with section 1123(a)(3) of the Bankruptcy Code, Article IV of the Plan properly identifies and describes that Classes 3, 4 and 5 are impaired under the Plan are entitled to vote.

(v)     In accordance with section 1123(a)(3) of the Bankruptcy Code, Article IV of the Plan properly identifies and describes that Class 6 is impaired under the Plan and is deemed to reject the Plan and not entitled to vote.

(vi)    In accordance with section 1123(a)(4) of the Bankruptcy Code, Article IV of the Plan treats each Claim or Equity Interest against the Debtors, in each respective Class, the same as each other Claim or Interest in such Class.

(vii)   In accordance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation, including, without limitation, (a) the vesting of the Estates' assets in the Liquidating Trust, (b) the appointment and powers of the Liquidating Trustee, (c) the establishment and funding of the Liquidating Trust, and (d) the distribution to be received by the Liquidating Trust on account of Allowed Claims.

(viii)  The documents included in the Plan Supplement, conform to section 1123(a)(6) of the Bankruptcy Code's prohibition on the issuance of non-voting equity securities.

(ix)    Section 6.01 of the Plan provides for the creation of the Liquidating Trust, the appointment of the Liquidating Trustee to serve with respect to the Liquidating Trust, including with the authority set forth therein and in the Liquidating Trust Agreement. Further, the Plan Supplement containing the Liquidating Trust Agreement provides for the creation of the Oversight Committee, including the Oversight Committee's composition, rights and duties. The Liquidating Trustee was selected as part of the Term Sheet approved in connection with the Sale Order, along with the setting of Liquidating Trustee's compensation and any successor Liquidating Trustee will be appointed as provided in the Liquidating Trust Agreement. The selection, disclosure and replacement mechanisms are consistent with the interests of Holders of Claims and Equity Interests and with public policy. Thus section 1123(a)(7) of the Bankruptcy Code is satisfied.

(x)     Section 1123(a)(8) of the Bankruptcy Code is not applicable in the Chapter 11 Cases because the Debtors are not an "individual."

(xi)    Consistent with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims.

(xii)   Consistent with section 1123(b)(2) of the Bankruptcy Code, Article VII of the Plan provides that any Executory Contract not previously assumed, assigned and sold or rejected by the Debtors may be assumed, assigned and sold, or rejected by the Liquidating Trustee as provided in such Article VII.

(xiii)  Consistent with section 1123(b)(3) of the Bankruptcy Code, (a) Article VI of the Plan provides for the retention of Causes of Action by the Debtors (other than those that constitute claims or causes of action that were previously waived, exculpated, released, compromised, or otherwise settled, under the Global Settlement Agreement, Sale Order, Plan or otherwise) (the "Retained Causes of Action") and transfer all Retained Causes of Action to the Liquidating Trust; (b) Section 8.01 of the Plan provides, among other things, for the pursuit of certain claim objections by the Liquidating Trust (including Professional Fee Claims) and for authority to settle claims and controversies relating to the rights that holders of Claims or Equity

17576844/3
17576844/4

Interests may have with respect to any Allowed Claims or Equity Interests or any distributions made pursuant to the Plan on account of such Allowed Claims or Equity Interests.

(xiv) Consistent with Section 1123(b)(4) of the Bankruptcy Code, the Plan establishes a Liquidating Trust and provides for the orderly liquidation of all of the Estates' Assets and the distribution of the proceeds thereof to Holders of Claims.

(xv) Consistent with section 1123(b)(5) of the Bankruptcy Code, the Plan permissibly modifies the rights of holders of unsecured claims.

(xvi) Consistent with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, without limitation, (a) Section 8.01 establishing procedures for resolving Disputed Claims and governing distributions on account of Allowed Claims; (b) Section 6.01, providing for the preservation of certain causes of action, the settlement of certain claims and controversies and ~~related releases and~~ injunctions against certain actions; and (c) Article XII, providing for the retention of jurisdiction by the Court over certain matters after the Effective Date.

(xvii) Section 1123(c) of the Bankruptcy Code is not applicable in the Chapter 11 Cases because the Debtors are not an "individual."

Q.     <u>Section 1129(a)(2)</u>. The Plan Proponent has complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code, and as set forth the Service Affidavit, the Plan Proponent has caused service of the Plan and solicitation materials.

R.     <u>Section 1129(a)(3)</u>. The Plan Proponent has not engaged in any collusive or unfair conduct in connection with the Plan. The Plan was negotiated at arms-length by the Debtors, the Committee, and certain other creditors and parties in interest, and without collusion with any person or entity. The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The unanimous support for the Plan by the Holder of a Claim in Class 3 and the affirmative votes by Holders of claims in Classes 4 and 5 in support of confirmation further demonstrates that the Plan was proposed in good faith.

S.      Section 1129(a)(4). No payment for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made, other than payments that have been authorized by an order of the Court, including without limitation by the confirmation of the Plan by this Confirmation Order.

T.      Section 1129(a)(5). The identity and affiliations of the individual that will serve as Liquidating Trustee has been disclosed in the Plan and Plan Supplement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the Liquidating Trustee is consistent with the interests of creditors and with public policy since no objection to the proposed Liquidating Trustee was received.  In accordance with section 1129(a)(5)(B), the Plan Supplement disclosed that Dundon Advisors LLC, will be the Liquidating Trustee, and the Amended Plan Supplement disclosed Dundon Advisors LLC's compensation as Liquidating Trustee.

U.      Section 1129(a)(6). The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. As such, section 1129(a)(6) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

V.      Section 1129(a)(7). Each Holder of an Impaired Claim or Equity Interest that has not accepted or is deemed to have not accepted the Plan will, on account of such Claim or Equity Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date, as evidenced by the Liquidation Analysis filed as an exhibit to the Plan. The Plan Proponent has demonstrated that the Plan is in the best interests of its creditors.

17576844/3
17576844/4

W.      <u>Section 1129(a)(8)</u>. Five (5) of the six (6) Classes under the Plan have either voted to accept the Plan, are deemed to have accepted the Plan, or are unimpaired under the Plan.  Holders of Claims in Classes 1 and 2 are unimpaired and deemed to accept, Holders of Claims in Class 3 have unanimously voted to accept the Plan, and Holders of Claims in Classes 4 and 5 voted to accept the Plan.  Holders of Interests in Class 6 are deemed to reject.  Nevertheless, with respect to Class 6, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Class.

X.      <u>Section 1129(a)(9)</u>. The Plan provides treatment for Allowed Administrative Claims and Allowed Priority Tax Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code. Unless otherwise agreed to, the Holder of each Allowed Administrative Claim and Allowed Priority Tax Claim will receive full payment in Cash on account of such Claim within the prompt timeframe specified in the Plan with respect to such Claim.

Y.      <u>Section 1129(a)(10)</u>. The Voting Declaration sets forth the tabulation of votes and demonstrates that such tabulation was conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  Further, the Court finds that, based on the foregoing, the Plan Proponent solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order, and the Plan has been accepted by Classes 3, 4 and 5, each of which are Impaired under the Plan, determined without including the acceptance of the Plan by any insider.

Z.      <u>Section 1129(a)(11)</u>. As evidenced by the Confirmation Declaration, together with any additional evidence admitted at the Confirmation Hearing, the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code.

AA.    <u>Section 1129(a)(12)</u>. As set forth in Section 13.14 of the Plan (as modified by Paragraph 29 of this Order), all fees payable pursuant to section 1930(a) of the Judicial Code shall be paid as provided therein.

BB.    <u>Section 1129(a)(13)</u>. The Plan does not modify retiree benefits (as such term is defined under section 1114 of the Bankruptcy Code), if any.  Thus, the Plan complies with Section 1129(a)(13) of the Bankruptcy Code.

CC.    <u>Sections 1129(a)(14)-(16)</u>. Sections 1129(a)(14)-(16) of the Bankruptcy Code apply to individuals or nonprofit entities and are not applicable to the Chapter 11 Cases.

DD.    <u>Section 1129(b)</u>. The Plan does not "discriminate unfairly" with respect to Class 6, which is the only Impaired Class under the Plan that has not accepted the Plan. In addition, the Plan is "fair and equitable" under section 1129(b) of the Bankruptcy Code with respect to Class 6 because no Holder of an interest that is junior to the Equity Interests in Class 6 is receiving or retaining any property under the Plan on account of such interest. Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by Class 6.

EE.    <u>Section 1129(c)</u>. The Plan is the only plan that has been filed in the Chapter 11 Cases and it is the only plan that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

FF.    <u>Section 1129(d)</u>. No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is "the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933," and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

17576844/3
17576844/4

GG.    <u>Section 1129(e)</u>. These Chapter 11 Cases are not "small business cases" and Section 1129(e) of the Bankruptcy Code does not apply.

## III.    Means for Implementation of the Plan

HH.    <u>Implementation</u>. The various means for implementation of the Plan, as set forth in Article VI and other provisions of the Plan (collectively, the "<u>Implementation Activities</u>"), have been designed and proposed in good faith. The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtors is indebted on the Effective Date. Pursuant to Section 6.01 of the Plan, on the Effective Date, all property of the Debtors' Estates that constitute Liquidating Trust Assets, shall vest in the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests or other interests, subject only to the Bedrock Lien.  On and after the Effective Date, the Liquidating Trustee, in consultation with the Oversight Committee, may collect, market for sale, liquidate, compromise or dispose of Liquidating Trust Assets without Bankruptcy Court approval, subject to the terms of the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

II.    <u>Securities Exempt from Registration</u>. The undertakings and obligations of the Debtors will not require the issuance of new securities, and therefore there are no issues with respect to section 1145 of the Bankruptcy Code, from Section 5 of the Securities Act of 1933 and from any and all federal, state, or local laws requiring the registration of the offer, sale or other distribution of such securities by the Debtors.

JJ.    <u>Executory Contracts</u>.  Notwithstanding anything in the Plan to the contrary, unless otherwise, (i) previously assumed and assigned or assumed, assigned and sold; or (ii) for which a motion for approval of the assumption of an Executory Contract or Unexpired Leases has been

14

Filed and served prior to, and remains pending on the Effective Date, all Executory Contracts or Unexpired Leases shall be rejected as of the Effective Date, other than all insurance policies, which pursuant to Section 7.02 of the Plan, which shall be deemed to be Executory Contracts and shall be deemed assumed by the Debtors and/or Liquidating Trust on the Effective Date as set forth therein.

KK.    Plan Injunctions, Releases, and Discharge. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and sections 105, 524, and 1141 of the Bankruptcy Code to approve the provisions with respect to the releases, exculpation, and injunction set forth in Article IX of the Plan. Based upon the record of the Chapter 11 Cases and the evidence admitted at or prior to the Confirmation Hearing, this Court finds that the releases, injunctions, and exculpations set forth in Article IX of the Plan are consistent with the Bankruptcy Code and applicable law.

LL.    Continuing Cooperation of the Debtors' Managers and Waiver of Certain Administrative Expenses. The Debtors' managers have each agreed to provide at least forty (40) hours of their time at no charge to the Liquidating Trustee to provide assistance in connection with the administration of the Liquidating Trust, including assistance with any of the estates' Causes of Action, evaluation of Claims and objections thereto, or such other matters as the Liquidating Trustee may deem reasonably necessary. Such assistance, which shall be limited to reasonableness in time and place and after reasonable notice, may include providing deposition testimony before the Bankruptcy Court or such other tribunal as the Liquidating Trustee believes reasonably necessary. Further, each of the Debtors' managers agree to waive all administrative expenses for their respective reduction in salary since the Petition Date.

LL.   ~~MM.~~Other Findings. To permit the Liquidating Trustee to commence his duties as quickly as practicable, to promote prompt distributions under the Plan and Liquidating Trust Agreement for the benefit of creditors and because a significant number of Implementation Activities are capable of being undertaken in short order, good cause exists to support the waiver of the stay imposed by Bankruptcy Rule 3020(e).

## CONCLUSIONS OF LAW

1.    Disclosure Statement.  The Disclosure Statement is **APPROVED** on a final basis.

2.    Confirmation. All requirements for confirmation of the Plan have been satisfied. The Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, exhibits to the Plan, the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications thereof, are expressly incorporated into, and form an integral part of, this Confirmation Order. A copy of the Plan in the form confirmed is attached hereto as **Exhibit A**.

3.    Objections. All objections that have not been withdrawn or resolved prior to the entry of this Confirmation Order, including any with respect to the Plan, are overruled in all respects for the reasons set forth in the record of the Confirmation Hearing, which record is incorporated herein, and all withdrawn objections, if any, are deemed withdrawn with prejudice.

4.    Omission of Reference to Particular Plan Provisions. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

~~17576844/3~~
17576844/4

5.     <u>Implementation</u>. The Debtors are authorized and directed to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements, and take such other actions as may be necessary to effectuate, implement and further evidence the terms and conditions of the Plan, including all such actions delineated in Article VI of the Plan and this Confirmation Order. On the Effective Date, the Liquidating Trustee shall be authorized to execute, deliver, file or record such contracts, instruments, releases, consents, certificates, notices, resolutions, programs, and other agreements, instruments and/or documents, and take such acts and actions as may be reasonably necessary or appropriate to effectuate, implement, substantially consummate and/or further evidence the terms and conditions of the Plan and this Confirmation Order and any transactions described in or contemplated thereby.

6.     <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date determined by the Plan Proponent when the conditions set forth in Article X of the Plan have been satisfied or, if applicable, waived in accordance with the Plan; provided that in accordance with Section 10.03 of the Plan, waiver of any of the conditions set forth in Sections 10.01, and 10.02 (a).

7.     <u>Modifications or Alterations to Plan</u>. The modifications made to the Plan since solicitation (i) comply in all respects with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, (ii) do not adversely affect the treatment of any Holder of Allowed Claims without their consent and (III) do not require re-solicitation of votes with respect to the Plan.

8.     <u>Binding Effect of Plan</u>. Subject to the occurrence of the Effective Date, the provisions of the Plan and this Confirmation Order shall be binding upon: (a) the Debtors; (b) the Committee, (c) the Liquidating Trust and the Liquidating Trustee; (d) all Professionals; (e) any and all non-Debtor parties to judicial or administrative proceedings in which the Debtor is a party; (f) any and all Holders of Claims, including Holders of Administrative Expenses, or Equity

Interests (irrespective of (i) whether such Claims or Equity Interests are Impaired under the Plan, (ii) whether the Holders of such Claims or Equity Interests accepted, rejected, or are deemed to have accepted or rejected the Plan, or (iii) whether such Claims or Equity Interests have been asserted in a filed proof of claim, proof of interest, request for administrative expense payment or other pleading or filing); (g) any and all non-Debtor parties to Executory Contracts with one or more of the Debtors; (h) any party that had received or may be deemed to have received notice of the Plan and the Confirmation Hearing; and (i) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing, in their capacity as such.  All settlements, compromises, ~~releases,~~ waivers, ~~exculpations,~~ and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, exculpated, or enjoined causes of action, subject to the terms of Article IX of the Plan, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date.

9.    <u>Distributions</u>. Subject to the terms of the Plan, on and after the Effective Date, the Distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Liquidating Trustee, and the Liquidating Trustee shall be authorized to effectuate such Distributions, resolution, and treatment, of Claims as allowed under the Plan.  The allowed but unpaid professional fees of the debtor and committee professionals and the outstanding fees and expenses of Bedrock professionals as of the Effective Date shall be first paid out of the Allocated Estate Funds (as defined in the Global Settlement Order) subject to and in accordance with the Updated Approved

18

and Final Cash Collateral Order, and to the extant unpaid, paid on a pro rata basis out of the Initial Distribution Fund.

10.    <u>Executory Contracts</u>. Notwithstanding anything in the Plan to the contrary, unless otherwise, (i) previously assumed and assigned or assumed, assigned and sold; or (ii) for which a motion for approval of the assumption of an Executory Contract or Unexpired Leases has been Filed and served prior to, and remains pending on the Effective Date, all Executory Contracts or Unexpired Leases shall be rejected as of the Effective Date, other than all insurance policies, which pursuant to Section 7.02 of the Plan, which shall be deemed to be Executory Contracts and shall be deemed assumed by the Debtors and/or Liquidating Trust on the Effective Date as set forth therein.

11.    <u>Bar Date for Rejection Claims</u>.  Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 pm. (prevailing Eastern time) on the date that is 30 days following service of an order approving rejection of any Executory Contract or unexpired lease of one or more the Debtors.  Any such rejection Claim will be forever barred and will not be enforceable against the Debtors, the Estates, the Liquidating Trustee, the Liquidating Trust, or their property, as applicable, unless a Proof of Claim is Filed or unless otherwise expressly allowed by the Bankruptcy Court.

12.    <u>Causes of Action</u>. All Retained Causes of Action shall be transferred to the Liquidating Trust as set forth in the Plan.

17576844/3
17576844/4

13.     <u>Exemption from Certain Taxes</u>. The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer the Plan or this Confirmation Order, may not be taxed under any law imposing a stamp tax or similar tax.

14.     <u>Effect of Confirmation Order</u>. Notice of entry of this Confirmation Order (a) shall have the effect of an order of the Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers, and (c) shall be a recordable instrument notwithstanding any contrary provision of applicable nonbankruptcy law. This Court retains jurisdiction to enforce the foregoing direction by contempt proceedings or otherwise.

15.     <u>Transfers by Debtors</u>. All transfers of property of the Debtors' Estates shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Confirmation Order, subject only to the Bedrock Lien.

16.     <u>Extinguishment of Claims and Equity Interests</u>. Except as provided in the Plan, upon the Effective Date, all notes, instruments, certificates, warrants and other documents evidencing Claims and Interests in the Debtors shall be canceled and deemed terminated.

17.     <u>Binding Release, Exculpation, and Injunction Provisions</u>. Except as otherwise set forth herein, all release, exculpation and injunction provisions embodied in the Plan are approved and will be effective and binding on all persons and entities to the extent set forth therein.

18.     <u>Vesting of Property and No Successor Liability</u>. Pursuant to section 1141 of the Bankruptcy Code and Section 6.01(c) of the Plan, except as otherwise provided in the Plan, on the Effective Date, all property of the Debtors' Estates that constitute Liquidation Trust Assets, shall vest in the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests or other interests, subject only to the Bedrock Lien.  On and after the Effective Date, the Liquidating Trustee, may collect, market for sale, liquidate, compromise or dispose of Liquidating

20

Trust Assets without Bankruptcy Court approval, subject to the terms of the Plan, the Confirmation

Order, and the Liquidating Trust Agreement.

19.    <u>Conditions Precedent to the Effective Date</u>.  Notwithstanding the language in the

Plan to the contrary, Section 10.02(d) of the Plan shall be revised as follows:

> It shall be a condition to the Effective Date that the following provisions, terms and
> conditions shall have been satisfied or waived pursuant to Section 10.03 . . . . **All** of the
> Debtors' mining permits are sold, assumed and/assigned, abandoned, or otherwise
> disposed.

Further, the conditions of Section 10.02(d) cannot be waived as a condition to the Effective Date.

20.    <u>Dissolution or Termination of the Debtors; Resignation of Employees, Officers and</u>

<u>Directors</u>. On the Effective Date, the Debtors' remaining members, directors, managers and

officers and any remaining employees shall be deemed to have resigned and the Liquidating

Trustee shall be appointed as the sole officer, director, and/or manager, as applicable, of the

Debtors, without the need for any corporate action to effect such resignation or appointment. After

the Effective Date, the Liquidating Trustee is authorized to dissolve or terminate the existence of

the Debtors for all purposes under any applicable state or federal law, without the need to take any

further action or file any plan of dissolution, notice or application with the Secretary of State of

the State of Delaware or any other state or government authority, and without the need to pay any

franchise or similar taxes in order to effectuate such dissolution.

21.    <u>Administrative Claim Bar Date Provisions</u>. Unless previously filed or as otherwise

governed by an order of the Court or pursuant to the Plan, to requests for payment of

Administrative Claims must be filed with the Court by the Administrative Claim Bar Date, which

shall be the first Business Day that is thirty (30) days after the Effective Date.  Holders of

Administrative Claims that are required to file and serve a request for payment of such

Administrative Claims and that do not file and serve such a request by the Administrative Claim

Bar Date shall be forever barred from asserting such Administrative Claims against one or more of the Debtors, their Estates, the Liquidating Trust, or their respective property. Objections to any requests for payment of Administrative Claims must be asserted by the Claims Objection Deadline.

22.    <u>Dissolution of the Committee</u>. The Committee shall be automatically dissolved on the Effective Date and, on the Effective Date, each member of the Committee and each Professional retained by the Committee shall be released and discharged from all rights, duties, responsibilities and obligations arising from, or related to, the Debtors, their membership on the Committee, the Plan, or the Chapter 11 Cases, except with respect to any matters concerning any Professional Fee Claim held or asserted by any Professional retained by the Committee.

23.    <u>Professional Compensation</u>. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases, for the period through the Effective Date, no later than forty-five (45) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed and served on the Debtors, the Liquidating Trustee, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the Professional Fee Bar Date, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Liquidating Trustee subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

24.    <u>Cash Collateral</u>. The Debtors' authority to use Cash Collateral pursuant to the *Final Order (I)*by its own terms on August 31, 2025 at 11:59 p.m. The Final Cash Collateral Order is hereby amended to authorize the Debtors' continued use of Cash Collateral from September 1, 2025 through October 31, 2025, which date may be extended without need for further order of the

Court upon written consent of Bedrock, solely in accordance with the updated budget (the "Updated Budget") attached as **Exhibit C** to this Order.

25.    Treatment of Bedrock Claim (Class 3). Notwithstanding anything to the contrary in the Plan, nothing in the Plan, the Plan Supplement or this Order shall alter any rights and obligations arising under the Global Settlement Agreement and Order Approving the Global Settlement [Docket No. 396] (the "Global Settlement Order") which are each incorporated herein by reference, including without limitation Bedrock's Allowed Class 3 Claim, and its Series A Trust Interests.

26.    No Amendment of Prior Orders or Settlement. Nothing in the Plan or Confirmation Order shall alter, limit, or otherwise modify the Cash Collateral Order, Global Settlement Order or Global Settlement Agreement, each of which are incorporated herein by reference.

27.    25.Approval of Liquidating Trust. The establishment of the Liquidating Trust in accordance with the terms of the Plan and the Liquidating Trust Agreement is hereby authorized and approved in accordance with their respective terms.

28.    26.Appointment of Liquidating Trustee/Oversight Committee. Dundon Advisors LLC is hereby appointed to serve as the Liquidating Trustee on the terms set forth in this Confirmation Order, the Plan, and the Liquidating Trust Agreement, effective as of the Effective Date. The Oversight Committee shall be initially comprised of: (a) a single designee of the Official Committee of Unsecured Creditors and (b) two designees of Bedrock.

29.    27.The Authorization, Duties, and Powers of Liquidating Trustee. The Liquidating Trustee is hereby authorized to take any and all actions necessary or appropriate in furtherance of, and to implement, effectuate and consummate the Plan, this Confirmation Order, and the

Implementation Activities contemplated thereby and hereby, including, without limitation, all of the procedures and undertakings specified in Article VI of the Plan.

30.    28. Directive in Furtherance of Plan. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents, releases, mortgages and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

31.    29. Binding Effect of Prior Orders and Agreements. To the maximum extent permitted pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by one or more of the Debtors, and all motions or requests for relief by the Debtors shall be binding upon and shall inure to the benefit of the Debtors, the Estates, and the Liquidating Trust.

32.    30. Resolution of Objections by Commonwealth of Pennsylvania, Department of Environmental Protection and State of Maryland, Department of the Environment. The objections to the Plan by Commonwealth of Pennsylvania, Department of Environmental Protection [Docket No 539] and State of Maryland, Department of the Environment [Docket No. 543] are hereby resolved as follows:

> Notwithstanding anything contained in the Plan, the Plan Supplement, or this Confirmation Order to the contrary, nothing in the Plan, the Plan Supplement, or this Confirmation Order shall discharge, release, impair, enjoin, exculpate or otherwise preclude or diminish: (a) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) of the Commonwealth of Pennsylvania or the State of Maryland (a "PA/MD Governmental Unit") that is not a "claim" within the meaning of 11 U.S.C. § 101(5) of the Bankruptcy Code; (b) any liability to any PA/MD Governmental Unit arising after the Confirmation Date; (c) any liability or obligation to, or any Claim or Cause of Action by, a PA/MD Governmental Unit under police or regulatory law or environmental law to which any entity is subject as the owner, lessor, lessee, permittee, controller, or operator of real

17576844/3
17576844/4

property or a mine (including any idled, closed, and inactive mines, associated impoundments, disposal areas and wells, and treatment plants) or other facility after the Plan Effective Date (whether or not such liability, obligation, Claim or Cause of Action is based in whole or in part on acts or omissions prior to the Plan Effective Date), including, but not limited to, liability for reclamation; plugging and abandonment; restoration; water treatment; stream and wetland mitigation; contamination; pollution; hazardous or toxic substances; mine drainage; water supply protection; protection of the environment; and impacts on human health, safety, and welfare; or (d) any liability to any PA/MD Governmental Unit of any non-debtor. Nothing in this Confirmation Order or the Plan shall impair any setoff or recoupment rights of any PA/MD Governmental Unit.

Except as otherwise expressly stated therein, nothing in this Confirmation Order, the Plan, or the Plan Supplement authorizes the transfer or assignment of any governmental (i) lease, (ii) license, (iii) permit, (iv) registration, (v) authorization, (vi) certification, or (vii) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under nonbankruptcy laws, regulations, and rules (including police or regulatory law or environmental law, or otherwise).

Nothing in the Plan, the Plan Supplement, or this Confirmation Order shall exculpate any third party or non-debtor from any liability owed to, or Claim, action, proceeding, or Cause of Action of, any PA/MD Governmental Unit, except to the extent that such non-debtor is exculpated for acting in its fiduciary capacity to the Debtors' estate as explicitly provided for in the Bankruptcy Code; *provided, however*, that nothing in the Plan, the Plan Supplement, or this Confirmation Order shall exculpate any person with respect to any violation of any laws intended to protect the public health and safety or any liability under environmental laws.

Upon the Effective Date, in exchange for any administrative expense to be asserted by PA DEP, the Debtors shall contribute $2,500 to a post-mining treatment trust to provide for the treatment of discharges from the Milford #3 Coal Refuse Disposal Area ("Milford Trust").  In addition, any funds in the Heritage Post-Mining Treatment Trust established on May 7, 2018, as amended, that PA DEP determines are not necessary to fund water treatment at the Poorbaugh Strip, Schrock Strip, or Romesburg Strip sites shall be available to PA DEP, or a trust to which PA DEP is beneficiary, to address Debtors' outstanding environmental and compliance obligations at Debtors' mining permits that have not been sold, including but not limited to water treatment at Milford #3 Coal Refuse Disposal Area. Debtors waive any right, title, or interest in the Heritage Post-Mining Treatment Trust and waive any right to all future distributions from the Heritage Post-Mining Treatment Trust to which it may be entitled.  Debtors agree to enter into agreements with PA DEP, as necessary, to effectuate this provision.

The Proofs of Claim filed by PA DEP on October 6, 2025 for Dockets 243078, 243084, 253015, and 253023 shall be Allowed in the total amount of $27,580.

PA DEP shall have the option to elect either (a) acquisition by the Milford Trust, in fee simple and free and clear of all liens, claims, and encumbrances, the real property parcels

owned by Debtors covering Milford #3 CRDA (S28-007-015-00 and S28-007-014-00), or (b) a consent to right of entry executed by Debtors for the parcels that provides PA DEP, Milford Trust, and their agents perpetual access to the property for water treatment and reclamation activities.  PA DEP shall exercise this option by October 31, 2025.

Any and all diesel pumps owned by Debtors that are currently used for water treatment at the Milford #3 CRDA shall be transferred to the Milford Trust.

Debtors shall continue to provide for water treatment at Debtors' unsold mining sites through October 27, 2025, other than the Milford site for which the Debtors shall continue to provide for water treatment through October 31, 2025.  Debtors consent to PA DEP's forfeiture of bonds posted for Debtors' mining permits that have not been sold.

The PA/MD Governmental Units, waive any objections to the Debtors' Notice of Proposed Abandonment of Property of the Estate [Docket No. 551].

33.    ~~31.~~U.S. Trustee Fees. Notwithstanding the language in the Plan, Section 13.14 of the Plan shall be revised as follows:

All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code, together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees") prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, the Debtors, and the Post-Effective Date Debtors and the Liquidating Trust shall be jointly and severally liable to pay any and all Quarterly Fees when due and payable. The Debtors shall file all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, each of the Post-Effective Date Debtors and the Liquidating Trustee shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due. Each and every one of the Debtors, and the Post-Effective Date Debtors and the Liquidating Trust shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code. The U.S. Trustee shall not be required to file any Administrative Claim in the case and shall not be treated as providing any release under the Plan

~~32.    Agreement and Waiver of the Debtors' Managers.  As consideration for the releases to be received under the Plan, the Debtors' managers shall each be bound to provide at least forty (40) hours of their time at no charge to the Liquidating Trustee to provide assistance in connection with the administration of the Liquidating Trust, including assistance with any of the estates' Causes of Action, evaluation of Claims and objections thereto, or such other matters as the~~

26

~~Liquidating Trustee may deem reasonably necessary. Such assistance, which shall be limited to~~ ~~reasonableness in time and place and after reasonable notice, may include providing deposition~~ ~~testimony before the Bankruptcy Court or such other tribunal as the Liquidating Trustee believes~~ ~~reasonably necessary. Further, each of the Debtors' managers agree to waive all administrative~~ ~~expenses for their respective reduction in salary since the Petition Date. Each of the Debtors'~~ ~~Managers right to asset an administrative expense for their respective reduction in salary since the~~ ~~Petition Date is waived.~~

34.    Debtor releases and Exculpation. Notwithstanding anything in the Plan to the contrary, nothing herein shall provide releases or exculpation to any party and Sections 9.02 and 9.03 of the Plan shall be stricken. Notwithstanding the foregoing, nothing shall affect or otherwise alter any releases under the Global Settlement Agreement or the Global Settlement Order.

35.    ~~33.~~Effect of Reversal. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification or *vacatur* shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' or the Liquidating Trustee's receipt of written notice of such order. Notwithstanding any such reversal, modification or *vacatur* of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or *vacatur* shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

36.    ~~34.~~Notice of Confirmation and Effective Date. Promptly following the occurrence of the Effective Date, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Liquidating Trustee is directed to serve a notice of the entry of this Confirmation Order, the establishment

hereunder of bar dates for certain Claims (including the Administrative Bar Date and the Rejection Damages Bar Date) and the occurrence of the Effective Date, substantially in the form of **Exhibit B** attached hereto and incorporated herein by reference on all parties that received the Confirmation Hearing Notice.

37.    35.Conflicts. Without intending to modify any prior order of this Court (or any agreement, instrument, or document addressed by any prior order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document); provided, however (a) that in the event of any inconsistency between the Plan and the Plan Supplement, the Plan Supplement shall govern; (b) in the event of any inconsistency between the Plan (including the Plan Supplement) and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern and (c) if there is a conflict between this Plan and a Plan Supplement document, the Plan Supplement document, as applicable, shall govern and control. If any provision of the Plan (including a Plan Supplement) conflicts with or is in any way inconsistent with any provision of the Confirmation Order, the Confirmation Order shall govern and control.  In the event of any inconsistency between the Plan and any of: (1) the Sale Order, (2) the Term Sheet and (3) the Cash Collateral Order, the Sale Orders, the Global Settlement Order and/or Cash Collateral Order, as applicable, shall control over the Plan.

38.    36.Defects or Omissions.    After the Confirmation Date, the Debtors or the Liquidating Trustee, as applicable, may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.

17576844/3
17576844/4

Prior to the Effective Date, the Debtors may make appropriate technical adjustments and non-material changes to the Plan without further order or approval of the Bankruptcy Court.

39.    37.Jurisdiction. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases to the extent legally permissible, including, without limitation, jurisdiction over the matters set forth in Article XII of the Plan; provided, however, for the avoidance of doubt, nothing in this Confirmation Order, the Plan or the Liquidating Trust Agreement shall prevent the Liquidating Trustee or the Liquidating Trust from commencing and prosecuting litigation that constitutes Liquidating Trust Assets in either the Bankruptcy Court, an appropriate state court, or other non-bankruptcy forum, in the Liquidating Trustee's discretion.  To the extent this paragraph modifies Section 12.01 of the Plan, such modification is non-material, does not require re-solicitation, and is otherwise permissible and approved consistent with Section 11.01 of the Plan.

40.    38.Final Order. The fourteen (14) day stay of this Confirmation Order imposed by Bankruptcy Rule 3020(e) is hereby waived in accordance with Bankruptcy Rule 3020(e). This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

41.    39.

**Exhibit A**

Combined Disclosure Statement and
Plan of Liquidation Dated September 1, 2025

## Exhibit B

Form of Confirmation and Effective Date Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KTRV LLC, *et al.*,[1] | Case No. 25-10601 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. _____** |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING, AND OCCURRENCE
OF EFFECTIVE DATE OF COMBINED DISCLOSURE STATEMENT AND
PLAN OF LIQUIDATION DATED SEPTEMBER 1, 2025**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **A.**    **Confirmation of the Plan.**

    On October __, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. _____] (the "Confirmation Order")[2] confirming the Combined Disclosure Statement and Plan of Liquidation dated September 1, 2025 (collectively with all exhibits and supplements and any modifications or other amendments thereto, the "Plan") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (collectively, the "Debtors").

    **B.**    **Occurrence of the Effective Date, Appointment of the Trustee and the Vesting of the Estates' Assets.**

    The Plan became effective on October ___, 2025 (the "Effective Date"). As of the Effective Date, among other things, (a) the Liquidating Trustee was appointed with the power to exercise the rights, power, and authority of the Trust under applicable provisions of the Plan, Liquidating Trust Agreement, and bankruptcy and non-bankruptcy law; and (c) except as otherwise provided in the Plan, all property of the Debtors and the Estates and became the property of, and vested in, the Liquidating Trust free and clear of all Claims, Liens, charges, other encumbrances, and interests, subject only to the Bedrock Lien.

    **C.**    **Resolution of Disputed Claims.**

---

[1]    The Debtors in these chapter 11 cases, along with each the last four digits of each Debtor's tax identification number, are as follows: KTRV LLC (9993), Heritage Coal & Natural Resources, LLC (8326). The Debtors' service address is 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

[2]    Capitalized terms used but not defined in this Notice shall have the same meanings given to them in the Plan and the Confirmation Order.

Notwithstanding anything to the contrary as provided in the Plan, and any requirements that may be imposed pursuant to Bankruptcy Rule 9019, except insofar as a Claim is Allowed under the Plan on and after the Effective Date, the Liquidating Trustee will have the authority, but not the obligation, to do any of the following with respect to any Claims or Interests: (1) file, withdraw or litigate to judgment objections to and requests for estimation of Claims; (2) settle or compromise any Disputed Claim without any further notice to or action, order or approval by the Bankruptcy Court; and (3) administer and adjust the Claims register to reflect any such settlements or compromises without any further notice to or action, order or approval by the Bankruptcy Court. The Liquidating Trustee shall succeed to any pending objections to Claims filed by the Debtors or the Committee prior to the Effective Date, and shall have and retain any and all rights and defenses the Debtors and/or the Estates had immediately prior to the Effective Date with respect to any Disputed Claims.

D.    **Exculpation; Injunction.**

Article IX of the Plan contains certain Debtor Releases, Injunction, and limited Exculpation Provisions.

9.02    Debtor Releases.

Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, their Estates, and the Debtors' successors and assigns, including the Liquidating Trustee, shall forever release, waive, and discharge each of the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with, relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date. Notwithstanding the foregoing, nothing herein shall release any claims arising out of any act or omission of a

released party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a final order of a court of competent jurisdiction.

9.03    Exculpation and Limitation of Liability.

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, managers, trustees, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan. For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

9.04    Injunction

(a) In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that except as provided in sections 1141(d)(2) and (d)(3) and except as otherwise provided in the plan or in the order confirming the plan, the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Consistent with the preceding sentence, except as otherwise expressly provided in the Plan, the Plan Supplement, related documents, or for obligations issued pursuant to the Plan, all Entities who have held, hold or may hold Claims or Interests that have been released pursuant to the Plan or as to which the Plan provides for classification and treatment or that are subject to the exculpatory provisions herein, are temporarily enjoined from taking any of the following actions from and after the Effective Date: (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors (but solely to the extent such action is brought against the Debtor to directly or indirectly recover upon any Assets of the Estate, including, without limitation, any such Assets that vest in the Liquidation Trust, as applicable, upon the Effective Date), or the Liquidating Trust on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors or the Liquidating Trustee on account of or in connection with or with respect to any such Claims or Interests; and (iii) creating, perfecting or enforcing any encumbrance of any kind against any Debtors or the Liquidating Trust or the property of

3

the Estates or the Liquidating Trust on account of in connection with or with respect to any such Claims or Interests.

(b) Except as otherwise provided in this Plan, or to the extent necessary to enforce the terms and conditions of this Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests shall be permanently enjoined from taking any of the following actions against any of the Assets of the Estates or the Liquidating Trust or any other asset or to be distributed under the Plan on account of any such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action, cause of action, or other proceeding; (ii) enforcing attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting or enforcing any lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), or the right of subrogation of any kind against any debt, liability, or obligation due to the Debtor; and (v) commencing or continuing, in any manner or in any place, any action, cause of action, or other proceeding against any of the Assets or Liquidating Trust's Assets or any other assets to be distributed under this Plan that does not comply with or is inconsistent with the provisions of this Plan.

(c) Nothing in this section shall prevent the Liquidating Trustee or the Liquidating Trust from prosecuting the Liquidating Trust Assets or commencing any action or other proceeding of any kind against any party other than with respect to conduct after the Petition Date.

(d) Notwithstanding the foregoing clauses, all Entities shall only be enjoined from commencing or continuing in any manner any action or other proceeding of any kind against an Exculpated Party for any matter expressly covered by Section 9.03 herein

### **D.** ~~E.~~ Executory Contracts and Unexpired Leases Not Assumed.

Notwithstanding anything in the Plan to the contrary, unless otherwise, (i) previously assumed and assigned or assumed, assigned and sold; or (ii) for which a motion for approval of the assumption of an Executory Contract or Unexpired Leases has been Filed and served prior to, and remains pending on the Effective Date, all Executory Contracts or Unexpired Leases shall be rejected as of the Effective Date, other than all insurance policies, which pursuant to Section 7.02 of the Plan, which shall be deemed to be Executory Contracts and shall be deemed assumed by the Debtors and/or Liquidating Trust on the Effective Date as set forth therein.

### **E.** ~~F.~~ Bar Dates.

Administrative Bar Date. Unless previously filed or as otherwise governed by an order of the Court or pursuant to the Plan, to requests for payment of Administrative Claims must be filed with the Court by the Administrative Claim Bar Date, which shall be the first Business Day that is thirty (` the Effective Date.  Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Liquidating Trust, or their respective property.

4

Objections to any requests for payment of Administrative Claims must be asserted by the Claims Objection Deadline.

Professional Compensation. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases, for the period through the Effective Date, no later than forty-five (45) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed with the Bankruptcy Court and served on the Liquidating Trustee, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the Professional Fee Bar Date, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Liquidating Trustee subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

Rejection Damages Bar Date. If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan or otherwise gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtors, their Estates, or the Liquidating Trust, unless a Proof of Claim is filed with the Bankruptcy Court by no later than 30 days after the Effective Date; provided, however, that any counterparty or counterparties to an Executory Contract or Unexpired Lease with a Claim that arises or becomes Allowed on or after the Effective Date as a result of the rejection of such contract or lease.  **All proofs of claim arising from the rejection of executory contracts or unexpired leases must be filed by the later of (a) 30 days after entry of any order authorizing the rejection of an executory contract or unexpired lease, including any order confirming the Plan, and (b) the date set forth in an order authorizing rejection of an executory contract or unexpired lease.**

Proofs of Claim arising from the rejection of executory contracts or unexpired leases should be filed so as to be received on or before the applicable Bar Date at the following addresses:

Proofs of Claim may be delivered electronically using the interface available on the Debtors' claims agent's website:  https://cases.stretto.com/KTRV.   Alternatively, proofs of claim may be submitted by first class mail, overnight, or hand delivery to the following address:

KTRV, LLC, et al. Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

Proofs of claim submitted by facsimile or e-mail shall not be accepted.

**F.** ~~G.~~**Retention of Jurisdiction by Bankruptcy Court.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases to the extent legally permissible, including, without limitation, jurisdiction over the matters set forth in Article XII of the Plan; provided, however, for the avoidance of doubt, nothing in this Confirmation Order, the

Plan or the Liquidating Trust Agreement shall prevent the Liquidating Trustee or the Liquidating Trust from commencing and prosecuting litigation that constitute Liquidating Trust Assets in either the Bankruptcy Court, an appropriate state court, or other non-bankruptcy forum, in the Liquidating Trustee's discretion.

**H.    Notice Parties' Service Addresses.**

For purposes of serving requests for payment of Administrative Claims, applications for allowance of Professional Fee Claims, and any other papers required to be served on the notice parties set forth in the Plan, such service should be made, as applicable, on:

(a)    <u>**If to the Debtors:**</u>

> Jeffrey R. Waxman (DE Bar No. 4159)
> Eric J. Monzo (DE Bar No. 5214)
> Christopher M. Donnelly (DE Bar No. 7149)
> Samantha L. Rodriguez (DE Bar No. 7524)
> 3205 Avenue North Blvd., Suite 100
> Wilmington, DE 19803
> Telephone: (302) 888-6800
> Facsimile: (302) 571-1750
> E-mail: jwaxman@morrisjames.com
>       emonzo@morrisjames.com
>       cdonnelly@morrisjames.com
>       srodriguez@morrisjames.com

(b)    <u>**If to the Committee:**</u>

> LANDIS RATH & COBB LLP
> Kimberly A. Brown (No. 5138)
> Matthew R. Pierce (No. 5946)
> Elizabeth A. Rogers (No. 7335)
> 919 Market Street, Suite 1800
> Wilmington, Delaware 19801
> Telephone: (302) 467-4400
> Facsimile: (302) 467-4450
> Email: brown@lrclaw.com
>       pierce@lrclaw.com
>       erogers@lrclaw.com
>
>       -and-
>
> FROST BROWN TODD LLP
> Jordan S. Blask, Esq.
> Ronald E. Gold, Esq.
> Bryan J. K. Sisto, Esq
> Union Trust Building

6

501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone: (412) 513-4300
Facsimile: (412) 513-4299
Email: jblask@fbtlaw.com
        rgold@fbtlaw.com
        bsisto@fbtlaw.com

(c)    **If to the U.S. Trustee:**

Office of the U.S. Trustee
Attn: Malcolm Bates, Esquire
844 King St., Suite 2207
Lockbox 35
Wilmington, DE 19801
E-mail: Malcolm.M.Bates@usdoj.gov

**I.    Copies of Confirmation Order.**

Copies of the Plan, the Confirmation Order or any other pleadings filed in the Chapter 11 Cases may be obtained for a fee via PACER at: http://www.deb.uscourts.gov or for free at https://cases.stretto.com/KTRV/court-docket.

Dated: October __, 2025                MORRIS JAMES LLP

                                       /s/
                                       _____
                                       Jeffrey R. Waxman (DE Bar No. 4159)
                                       Eric J. Monzo (DE Bar No. 5214)
                                       Christopher M. Donnelly (DE Bar No. 7149)
                                       Samantha L. Rodriguez (DE Bar No. 7524)
                                       3205 Avenue North Blvd., Suite 100
                                       Wilmington, DE  19803
                                       Telephone: (302) 888-6800
                                       Facsimile: (302) 571-1750
                                       E-mail: jwaxman@morrisjames.com
                                               emonzo@morrisjames.com
                                               cdonnelly@morrisjames.com
                                               srodriguez@morrisjames.com

                                       *Counsel for the Debtors and Debtors-in-Possession*

## Exhibit C

Budget For Use of Cash Collateral

17576844/3
17576844/4